[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-15925
Non-Argument Calendar

_____

D. C. Docket No. 02-22807-CV-JAL

JAMES J. O'BRIEN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2005)**

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

James J. O'Brien appeals pro se the district court's grant of the defendants' motion to dismiss his claims of negligence under the Federal Tort Claims Act and the court's ruling that O'Brien failed to raise or never intended to raise an Eighth Amendment claim and thus failed to reach the defendants' motion to dismiss a possible claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). He further appeals the district court's failure to consider whether one of the defendants was properly served. For the reasons stated more fully below, we affirm.

O'Brien, a federal prisoner proceeding pro se, filed a "pro se Federal Tort Complaint for Monetary Damages" against the United States; the Federal Bureau of Prisons ("BOP"); the Federal Detention Center ("FDC") in Miami, Florida; John Doe, Warden of the FDC; Associate Warden Hulle of the FDC; M.A. Stern, D.D.S., of the FDC; and J.J. Jan,[1] D.D.S., of the FDC, all jointly and severally liable in their official and individual capacities. O'Brien's complaint stated that he sought redress for "actual pain and suffering and emotional distress, injuries sustained as a direct result of the actions, inactions, and omissions of the named Defendants and of their employees, agents, subordinates," pursuant to 28 U.S.C. §§ 1346(b), 2671 et seq. (Federal Tort Claims Act ("FTCA"). O'Brien specifically

_____

[1] The complaint states "Dan," but pursuant to O'Brien's request and the district court's order, the name was corrected to read "Jan" and, therefore, is changed in this opinion as well.

2

cited to the jurisdiction, venue, and statute of limitations requirements of the FTCA.

In his complaint, O'Brien alleged the following: (1) he was incarcerated from February 6, 1999, through February 4, 2002, was protected by "the Eighth Amendment's proscription against cruel and unusual punishment," and at all times had the right to "reasonable medical care that was the equivalent to that measure of care accorded to private citizens," including dental care; (2) he submitted 11 written request forms to the dentist complaining of mouth pain and was examined at least 8 separate times to address his complaints; (3) from January 18, 2000, to September 25, 2000, defendants Doe, Hulle, Stern, and Dan were aware of O'Brien's continued complaints of mouth pain; (4) from September 25, 2000, when O'Brien had two molars extracted, until February 4, 2002, Doe, Hulle, Stern, and Dan, were all aware of O'Brien's complaints regarding his two remaining molars; (5) from January 18, 2000, to September 25, 2000, Stern told O'Brien that he had been placed on the oral surgery schedule three separate times, but defendant Doe removed O'Brien's name from the list, thus causing O'Brien ongoing mouth pain in breach of the duty of reasonable care owed to him; (6) the same duty of reasonable care was breached again between February 27, 2001 and February 4, 2002, when the defendants failed to provide reasonable care to O'Brien after being

3

made aware of continuing pain from O'Brien's remaining molars.

Based on the foregoing allegations, O'Brien argued that the defendants exhibited "deliberate indifference to his medical needs by: (a) delaying his thrice-scheduled oral surgery, and for an unreasonably long period of time; and (b) failing to reschedule him for followup surgery to address the remaining two impacted molars, again for an unreasonably long period of time." O'Brien further alleged that the FDC defendants were vicariously liable based upon the reasonably foreseeable knowledge that their failure to act would cause O'Brien pain, they acted in bad faith, and they committed "wanton misconduct and negligence." O'Brien further stated that the laws of the State of Florida permitted the defendants' liability for their negligent acts committed within the scope of their employment and that the FTCA did not allow the United States to assert sovereign immunity. O'Brien sought, inter alia, $10,000 in compensatory damages.

The defendants subsequently filed a motion to dismiss O'Brien's complaint pursuant to Fed.R.Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The defendants argued that O'Brien had failed to exhaust his administrative remedies under the FTCA because (1) he had filed an administrative claim with the BOP and FDC on July 16, 2002, but filed his FTCA claim in federal court on September 24, 2002, before the administrative claim had been decided. Because O'Brien's

4

administrative claim was not denied until December 2, 2002, the defendants argued that O'Brien's FTCA civil action had been prematurely filed and not properly refiled within six months of the denial of his administrative claim and, thus, the district court lacked jurisdiction over the claim because O'Brien had failed to properly exhaust his administrative remedies. The defendants further argued that, under the FTCA, only the United States was a properly named party and, therefore, all of the individual defendants and the federal agencies named as defendants were due to be dismissed.

Finally, the defendants sua sponte noted that, although O'Brien's complaint made only a single reference to the Eighth Amendment and one use of the term "deliberate indifference," and furthermore, on its face did not seek relief against the individual defendants under 28 U.S.C. § 1331 for violating O'Brien's constitutional rights under Bivens, any possible construction of O'Brien's complaint to encompass a Bivens claim was also due to be dismissed under Fed.R.Civ.P 12(b)(1) because O'Brien had not exhausted his administrative remedies with respect to that claim.

O'Brien responded to the defendants' motion by stating that he did not dispute that his FTCA complaint was filed prematurely, but argued that he had no access to the rules regarding the filing of such claims. O'Brien further argued that

5

he made a good-faith attempt to exhaust his administrative remedies, which should prevent the district court from dismissing for lack of subject matter jurisdiction. Finally, O'Brien argued that he was denied access to proper legal materials despite requests. No mention was made of any Bivens claim or the fact that the defendants addressed the issue in its motion to dismiss.

The defendants replied to O'Brien's argument, that the exhaustion requirements be waived, arguing that the exhaustion requirements were procedural and non-waiveable, even for a pro se litigant and, in any event, it was evident from O'Brien's complaint that he had access to the FTCA because it was explicitly cited as his cause of action. It further noted that O'Brien had failed to include any requests for materials that were denied to him and that O'Brien had failed to allege that he did not have access to legal resources during the time in which his FTCA complaint should have been filed.

On October 21, 2003, O'Brien filed a motion to amend his complaint pursuant to Fed.R.Civ.P. 15(a) in order to substitute Monica Wetzel, the warden of the FDC in Miami for the majority of O'Brien's incarceration, for "John Doe." He then filed a response to the defendants' reply brief, arguing that (1) the FTCA's exhaustion requirements did not address an "attempt" at exhausting remedies where request forms were filed and a plaintiff was unable to obtain the proper

6

forms; (2) he did not have an urgent need for a legal library or legal materials after he had filed his "tort" claim on July 16, 2002; (3) he had no way of knowing that he could refile his claim because he did not have legal materials available to him and, while he conceded that he overlooked the inclusion of his specific requests, the materials he requested were statutes, 28 U.S.C. §§ 2401(b) and 2675(a), "which would have assisted plaintiff on the filing procedures for his Tort Complaint;" and (4) the government's failure to object to the evidence O'Brien presented waived any right to do so, making summary judgment in O'Brien's favor appropriate. O'Brien also filed a motion to supplement his response to the defendants' motion to dismiss, essentially restating his arguments and citing Thomas v. Woodlum, 337 F.3d 720 (6th Cir. 2003) to support his "attempt" argument regarding exhaustion requirements. No mention of Bivens, 42 U.S.C. § 1983, or any other potential constitutional deprivation was made.

O'Brien filed two more motions to supplement his response to the defendants' motion to dismiss, first arguing that the BOP's regional counsel obstructed the evidence and violated the "Privacy Act,"[2] and second, arguing that the government's reading of Thomas was flawed and the issue was whether an "attempt" to follow prison procedures was sufficient to exhaust his administrative

---

[2] O'Brien refers to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

remedies, which O'Brien argued was enough. The government responded only to O'Brien's FOIA claims, arguing that (1) O'Brien failed to exhaust his administrative remedies and (2) the defendants were otherwise exempt from O'Brien's request. The district court granted O'Brien's motions to supplement, finding that the defendants had not objected to the additional arguments. O'Brien's FOIA claims, however, were denied.

On April 13, 2004, O'Brien submitted a brief arguing that he had received a response from the BOP denying his tort claim and, therefore, the prematureness of his FTCA complaint should be deemed cured. It is noted that, at no point in any of O'Brien's responses, replies, supplemental filings, or briefs, is there a mention of Bivens, 42 U.S.C. § 1983, the Eighth Amendment, or any other deprivation of a constitutional right.

Finally, on September 28, 2004, the district court granted the defendants' motion to dismiss. It found that it was without jurisdiction to consider O'Brien's FTCA claim because he had failed to exhaust his administrative remedies before filing his complaint. The court specifically rejected O'Brien's argument that his claim be allowed to proceed because no substantial progress had taken place before his administrative claim was denied granted and, furthermore, it found that even though O'Brien was pro se, the procedural requirements of the FTCA applied to

8

him without leniency.  The district court found that O'Brien's claim that the BOP delayed his attempt to comply with administrative procedures was irrelevant because O'Brien had filed an administrative claim with the BOP, then improperly filed a civil complaint before the administrative claim had been denied, and failed to file an FTCA claim within six months after O'Brien's administrative grievance had been denied.  Finally, the court declined to reach the defendants' argument that O'Brien's <u>Bivens</u> claim, if he had even made one, be dismissed for failing to exhaust administrative remedies because the court found that "the Complaint does not state a <u>Bivens</u> claim and . . . in his Response . . . Plaintiff did not assert that he intended to raise such a claim."  All other pending motions were denied as moot.

On appeal, O'Brien first argues that the district court erred by finding that he had failed to state a claim under <u>Bivens</u>.  He argues that the district court, by failing to find that his claim was a constitutional claim under <u>Bivens</u>, failed to reach the defendants' motion to dismiss, and in so doing, failed to accept as true all the factual allegations in his complaint, which he argues raised a constitutional claim under the Eighth Amendment and deliberate indifference standards.  O'Brien argues that the district court was obligated to liberally construe his claim, and failed to properly apply the rules for determining whether a cause of action under <u>Bivens</u> had been made.  He further argues that the district court should have

9

permitted him to amend his claim.

The United States Supreme Court has held that federal officials may be sued in their individual capacities for violations of a person's constitutional rights. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). Because claims under 42 U.S.C. § 1983 and Bivens are similar, courts generally apply § 1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, under Bivens, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of [federal] law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

We will assume that review of the district court's conclusions regarding whether a plaintiff intends to raise a Bivens claim is reviewed de novo, as even under a de novo review, the record shows that O'Brien, despite having an opportunity to do so, never attempted or intended to invoke Bivens and, in fact, has raised Bivens for the first time on appeal.[3]

O'Brien's complaint sought redress for "actual pain and suffering and

_____

[3] The closest analogy to the district court's finding that O'Brien did not intend to raise a Bivens claim might be a finding that O'Brien failed to state a claim upon which relief could be granted, warranting dismissal under Fed.R.Civ.P. 12(b)(6). That finding would be reviewed de novo. See, e.g., Simmons v. Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004). However, this is not a case where the district court found that the plaintiff failed to state a claim either factually or legally, but rather found that this plaintiff never intended to raise a claim in the first instance, meaning it did not reach any merit-based decision regarding whether the claim should be dismissed because it found the claim did not exist in the first place.

10

emotional distress, injuries sustained as a direct result of the actions, inactions, and omissions of the named Defendants and of their employees, agents, subordinates," pursuant to 28 U.S.C. §§ 1346(b), 2671 et seq. (FTCA). O'Brien specifically cited to the jurisdiction, venue, and statute of limitations requirements of the FTCA. At no point does the complaint mention 42 U.S.C. § 1983 (protecting against deprivation of constitutional rights by government agents acting under color of state law), Bivens (extending § 1983 protection to individuals acting under color of federal law), or either 28 U.S.C. §§ 1331 or 1343 (federal question jurisdiction or civil rights jurisdiction, including constitutional rights).

As the defendants noted in their motion to dismiss, O'Brien's complaint does assert that, while incarcerated at the FDC in Miami, he was protected by the Eighth Amendment, but the complaint does not allege that O'Brien's Eighth Amendment rights were violated. Moreover, while O'Brien mentions that the defendants were "deliberately indifferent" to his medical needs, the relief O'Brien sought was for, inter alia, vicarious liability, agency, and negligence, all of which he claims would be governed by Florida law under the FTCA. The defendants, in their motion to dismiss, gave O'Brien the benefit of the doubt and raised the possibility that O'Brien might have intended a Bivens claim. It noted that, even if the district court were to give such a construction to O'Brien's complaint, which it

11

need not do given that the complaint did not facially seek relief for a violation of constitutional rights, the claim should be dismissed for failure to exhaust administrative remedies.

In his multiple responses to the defendants' motion, O'Brien never once raised Bivens, mentioned any alleged constitutional violation, filed a motion to amend his complaint to include such a claim, or even addressed the government's argument that he had failed to exhaust his administrative remedies regarding a Bivens claim. Furthermore, O'Brien knew how to amend his complaint pursuant to Fed.R.Civ.P. 15(a), as he filed a motion to do so seeking to amend one of the defendants.

The fact remains that throughout his responses and motions to amend/supplement those responses, O'Brien only argues the FTCA, and for the first time on appeal argues that he intended to raise a Bivens claim. "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Accordingly, while O'Brien is pro se and entitled to a liberal construction of his complaint, he had multiple opportunities to respond to the defendants' assertion that O'Brien did not raise a Bivens claim, but if he did, it should be dismissed for lack of subject matter

12

jurisdiction. O'Brien chose not to amend his complaint or argue Bivens despite being on notice (as he did respond to the defendants' motion to dismiss) that a Bivens claim was not out of the question if he intended to raise it. However, we conclude that O'Brien's Bivens claim is raised for the first time on appeal and, therefore, decline to consider it. Access Now, 385 F.3d at 1331.

O'Brien next argues that the district court erred by finding that he had failed to exhaust his administrative remedies, contending that his "attempt" to do so should have been satisfactory. We review the dismissal of an action for lack of subject matter jurisdiction de novo. Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997). "The Federal Tort Claims Act (FTCA) provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107, 113 S.Ct. 1980, 1981, 124 L.Ed.2d 121 (1993).

Pursuant to 28 U.S.C. § 2675(a) of the FTCA:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for

13

purposes of this section.

28 U.S.C. § 2675(a).

In McNeil, the United States Supreme Court decided whether an action may be maintained under the FTCA when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation. McNeil, 508 U.S. at 107, 113 S.Ct. at 1981. In McNeil, the plaintiff filed a complaint on March 6, 1989, in district court under the FTCA and four months later filed an administrative claim, which was subsequently denied on July 21, 1989. Id. at 107-08, 113 S.Ct. at 1981-82. The government moved to dismiss the complaint, arguing that the complaint was not filed until April 15, 1990, when the plaintiff paid the filing fees, while the plaintiff argued that the complaint was filed on March 6, 1989, and, therefore, timely. Id. at 108-09, 113 S.Ct. at 1982. The Court rejected the plaintiff's argument that, so long as no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies, the federal agency will have had a fair opportunity to investigate and/or settle the claim. Id. at 111-12, 113 S.Ct at 1983.

Thus, the Supreme Court in McNeil held that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and because the plaintiff there "failed to heed that clear statutory

14

command, the District Court properly dismissed his suit." Id. at 113, 113 S.Ct. at 1984. The Court further noted that, the fact that the plaintiff in McNeil was pro se did not excuse mistakes in following procedural rules in ordinary civil litigation. Id., 113 S.Ct at 1984.

Here, like in McNeil, O'Brien prematurely filed his civil complaint under the FTCA and likewise "failed to heed that clear statutory command" requiring that his administrative remedies be exhausted before bringing suit. Moreover, while McNeil noted that pro se litigants are entitled to have their pleadings liberally construed, procedural rules such as exhausting administrative remedies before filing suit were specifically excluded from that rule. See McNeil, 508 U.S. at 113, 113 S.Ct. at 1984. Finally, any argument O'Brien makes regarding his inability to properly file an administrative claim is meritless given that he adequately presented his tort claim to the BOP, which denied the claim. Accordingly, O'Brien's complaint was filed prematurely, before administrative proceedings had concluded, and was not refiled within six months after his administrative claim had been denied. Therefore, we conclude that the district court properly dismissed O'Brien's FTCA complaint for lack of subject matter jurisdiction.

Lastly, O'Brien argues that the district court failed to address and review whether defendant Wetzel was properly served. Here, because we have already

15

determined that the district court did not err by finding that O'Brien did not raise or intend to raise a <u>Bivens</u> claim and did not err by dismissing O'Brien's FTCA complaint for lack of jurisdiction, any unresolved issues relating to service of process on Monica Wetzel, former warden of the FDC in Miami, are moot because the district court does not have jurisdiction over any of O'Brien's claims, including those against Wetzel.

Based on the foregoing, the district court did not err by dismissing O'Brien's FTCA complaint, finding that O'Brien did not raise or intend to raise a <u>Bivens</u> claim, or denying as moot the propriety of service of process on defendant Wetzel. We, therefore, affirm.

**AFFIRMED.**