[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10929
Non-Argument Calendar

_____

D. C. Docket No. 05-23167-CV-AJ

VICTOR BAXTER,

Plaintiff-Appellant,

versus

DANA WASHINGTON, Sued in his individual and
official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 11, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

I.

Victor Baxter, a federal prisoner proceeding pro se,[1] appeals the district court's sua sponte dismissal under 28 U.S.C. §§ 1915A and 1915(e) of his civil rights action.[2]

Baxter filed the instant suit against Assistant U.S. Attorney Dana Washington seeking compensatory and punitive damages and declaratory relief. Baxter alleged that Washington presented perjured testimony to a grand jury and that Washington added information to the transcripts from the grand jury proceedings and used that information to obtain a superceding indictment.

Because Baxter is a prisoner proceeding in forma pauperis, the district court conducted the required screening under 28 U.S.C. §§ 1915A and 1915. Section 1915A requires the court to review a complaint filed by a prisoner-plaintiff against a government officer and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint

---

[1] Baxter was convicted by a jury of federal narcotics offenses and sentenced to a term of imprisonment.

[2] Although Baxter claims that the complaint was brought pursuant to 42 U.S.C. § 1983, because he alleges the deprivation of a constitutional right by a federal official, it actually was based upon *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As the district court did not dismiss the case on this ground, it is immaterial. Furthermore, courts apply section 1983 law to *Bivens* claims. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Section 1915 requires the court to dismiss a complaint on the same grounds when a prisoner-plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The district court dismissed Baxter's claims for monetary relief because the claims were barred by prosecutorial immunity and also dismissed Baxter's claim for declaratory relief for failure to state a claim. Baxter filed a motion for reconsideration, which the district court denied. Baxter then filed this appeal.

II.

We first determine the proper standard of review when a district court dismisses an action seeking monetary relief from a defendant who is immune from such relief under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii). We conclude that our determination involves a question of law that requires de novo review. *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998) ("We review a district court's legal conclusion *de novo*...."); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (applying de novo review to §§ 1915(e)(2) and 1915A(b)). The standard of review for a dismissal for failure to state a claim under both 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) is also de novo. *Brown v.*

3

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (discussing dismissal under § 1915(e)(2)(B)(ii)); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001) (discussing dismissal under § 1915A(b)(1)).

III.

On appeal, Baxter first argues that Washington was not entitled to absolute immunity because, when he personally assisted in drafting the affidavit in support of a search warrant, his actions were not intimately associated with the judicial process.

As is well established, prosecutors are absolutely immune from damages for actions that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976). This immunity extends to the use of false testimony and the suppression of exculpatory evidence at trial. *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984). It also applies to a prosecutor's actions before a grand jury and at a probable cause hearing in support of an application for a search warrant. *Burns v. Reed*, 500 U.S. 478, 490-92 (1991). Here, Washington's alleged actions fell within the scope of this absolute immunity doctrine, and, therefore, the district court correctly dismissed with prejudice Baxter's damages claims.

Although prosecutors are immune from damages for actions intimately

associated with the judicial process, they are susceptible to claims for declaratory relief. *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 736-37 (1980). Thus, we must address the district court's dismissal of Baxter's claims for declaratory relief for failure to state a claim upon which relief can be granted. Here, Baxter alleged that Washington presented perjured testimony to the grand jury regarding the reliability of a confidential informant. He also alleged that statements by the court during a suppression hearing serve as further evidence of Washington's "negligence" in this regard. Upon review of the record, we agree with the district court's finding that Baxter failed to establish that Washington or the testifying DEA agent made any false or misleading statements to the grand jury. Therefore, the district court correctly dismissed without prejudice Baxter's claim for declaratory relief.

Baxter also alleged in his complaint that Washington improperly inserted information into the grand jury transcript. This issue was not addressed by the district court in its order of dismissal. Furthermore, in its order denying Baxter's motion for reconsideration, the district court erroneously stated that Baxter failed to raise this issue in his complaint, but nevertheless stated, "[a]s I see it now, he has not alleged sufficient facts supporting such a claim." After careful review of the record, we agree with the district court's alternate conclusion that there was

5

insufficient factual evidence in the record to support a claim that Washington improperly inserted information into the grand jury transcript. *See Brown*, 387 F.3d at 1351 ("We may affirm the district court on any ground that finds support in the record.").

Finally, Baxter argues that the district court judge was biased and should have disqualified himself. This argument, however, was not raised in the district court and will not be considered here. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Even if this court were to consider this issue, we conclude that Baxter's argument that the district court was biased is completely without merit. *See Mike Ousley Prods. Inc. v. WJBF-TV*, 952 F.2d 380, 383 (11th Cir. 1992).

## IV.

Because prosecutorial immunity shielded Washington, the district court correctly dismissed Baxter's claims for damages. Furthermore, because the record did not support Baxter's factual allegations, the court properly dismissed his claims for declaratory relief. Accordingly, we **AFFIRM.**