United States Court of Appeals,

Eleventh Circuit.

No. 94-4134

Non-Argument Calendar.

Jose ABELLA, Plaintiff-Appellant,

v.

Frank RUBINO, Dale Whitice, Stephen Golembe, Glen Koch, Hector Flores, in their individual capacities, Rene Palomino, Jr., Blas Duran, Fernando Duran, Magaly Duran, Rolando Alvarez, Harold Garcia, Sisinio Torres, Thomas Scott, James L. King, Judge, Allan Kaiser, David Robinson, US Customs Agent, John Doe, US Customs Agent, Mona Jerkings, DEA Agent, Louis Julianelli, US Marshal, US Marshal, John Does 1-5, Secretary Doe, Law Clerk Doe, Elaine Somma, Court Reporter, Anton B. Schwartz, Court Reporter, Barbara Medina, Court Reporter—jointly and severally, in their individual, professional and official capacities, Defendants-Appellees.

Sept. 12, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 92-1069-CIV), Stanley Marcus, Judge.

Before ANDERSON, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Abella, a federal prisoner convicted of various narcotic offenses, filed this *pro se Bivens*[1] action. His amended complaint named numerous defendants, including two federal district judges, an assistant U.S. Attorney, U.S. Customs and DEA officials, U.S. Marshals, three federal court reporters, a judicial law clerk, a secretary, and several of Abella's co-defendants and their respective attorneys. Abella claimed that the defendants knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him, in violation of his

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Fifth, Sixth and Eighth Amendment rights. Abella sought declaratory and injunctive relief, and compensatory and punitive damages. The district court dismissed the complaint, noting that Abella's claims collaterally attacked the validity of his underlying criminal convictions and therefore should be dismissed because Abella had not first exhausted federal habeas remedies under 28 U.S.C. § 2255. *Dees v. Murphy,* 794 F.2d 1543, 1545 (11th Cir.1986).

On appeal, Abella asserts that the dismissal was unduly harsh because the statute of limitations may run on his *Bivens* claims before he is able to exhaust his federal habeas remedies. Abella argues that the proper disposition would have been to stay the proceedings, and toll the statute of limitations on his *Bivens* claims, pending resolution of his criminal appeal and 28 U.S.C. § 2255 claims. At the time the district court dismissed Abella's claims, Abella may well have been correct that a stay was the appropriate disposition of some of his claims under the current Eleventh Circuit law. *Cf. Prather v. Norman,* 901 F.2d 915, 919 (11th Cir.1990) (Where monetary damages sought in 42 U.S.C. § 1983 challenge to validity of claimant's state conviction or sentence, court should stay action pending exhaustion of state remedies if it appears dismissal will result in expiration of the statute of limitations.). However, since the district court dismissed this action, the law has changed, *Heck v. Humphrey,* --- U.S. ----, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and we are obliged to apply the new law retroactively to Abella's claims. *Harper v. Virginia Dep't of Taxation,* --- U.S. ----, ----, 113 S.Ct. 2510, 2517, 125 L.Ed.2d

74 (1993).

## I. ABELLA'S *BIVENS* DAMAGES CLAIMS

In *Heck,* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

--- U.S. at ----, 114 S.Ct. at 2372. Thus, a 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id.* at ----, 114 S.Ct. at 2374. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. *Id.* at ----, 114 S.Ct. at 2372.[2]

Although *Heck* was a § 1983 case, suits under § 1983 and *Bivens* are very similar. A § 1983 suit challenges the constitutionality of the actions of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials. "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir.1980),

---

[2]On the other hand, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at ---- - ----, 114 S.Ct. at 2372-73.

*cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). Thus, courts generally apply § 1983 law to *Bivens* cases. *E.g., Butz v. Economou,* 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978) (A federal official sued under *Bivens* has the same immunity as a similar state official sued for identical violation under § 1983.); *Dean,* 621 F.2d at 1336 (As in § 1983 cases, liability in *Bivens* actions cannot be based upon theory of respondeat superior.). In fact, the specific pre- *Heck* rule requiring exhaustion of habeas remedies in *Bivens* cases, applied by the district court to dismiss the instant case, was borrowed from § 1983 caselaw. *See Dees,* 794 F.2d at 1544 (borrowing exhaustion requirement from *Richardson v. Fleming,* 651 F.2d 366 (5th Cir.1981), a § 1983 case).

There are, of course, federalism and comity concerns present when a federal court entertains a § 1983 challenge to the actions of state officials that do not exist in a similar *Bivens* challenge. However, the *Heck* rule is not based upon the unique comity concerns that a § 1983 claim presents. Rather, the Court's purpose was to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues. --- U.S. at ----, 114 S.Ct. at 2371. The same rationale applies with equal force to *Bivens* challenges; collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings. Thus, we hold that the *Heck* rule applies to *Bivens*

damages claims.  *Accord Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994).

Abella's damages claims rest on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit.  Judgment in favor of Abella on these claims "would necessarily imply the invalidity of his conviction."  *Heck,* --- U.S. at ----, 114 S.Ct. at 2372.  Because Abella's convictions have not been invalidated, his *Bivens* damages claims are not ripe. Therefore, the district court did not err in dismissing Abella's claims.  We affirm the dismissal of Abella's claims with prejudice; Abella may bring his *Bivens* damages claims in the future should he meet the requirements of *Heck.*[3]

## II. ABELLA'S OTHER *BIVENS* CLAIMS

With respect to Abella's other claims, *Heck* reaffirmed that, under *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  --- U.S. at ----, 114 S.Ct. at 2364.  Thus, declaratory or injunctive relief claims which are

---

[3] Because we dismiss Abella's claims on ripeness grounds, Abella may choose to bring his *Bivens* claims again if he eventually satisfies the precondition to a valid claim under *Heck;*  i.e., when and if his narcotics convictions are invalidated.  Thus, defendants, including those who may also be protected by absolute immunity, may potentially be sued again on the same claims.  Whether some of these defendants are entitled to absolute immunity might be a threshold issue which we should decide before dismissal on ripeness grounds under *Heck.*  *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994) (Absolute immunity issues must be decided when dismissing on ripeness grounds under *Heck* to protect absolutely immune defendant from future suit on particular facts alleged.).  However, on appeal, defendants rely solely on *Heck* and do not make an absolute immunity argument. Therefore, we do not decide this issue.

in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983.[4]  *Id.*  This rule applies equally to *Bivens* actions.  *See Dees v. Murphy,* 794 F.2d at 1545 (citing *Preiser* as support for dismissal of *Bivens* claim challenging validity of plaintiff's conviction).  Resting on the same premise as his damages claims, that Abella was the victim of an unconstitutional conspiracy to falsely convict him, Abella's declaratory and injunctive relief claims challenge the validity of his conviction.  Because these claims are not cognizable  *Bivens* claims, the district court did not err in dismissing Abella's declaratory and injunctive relief claims.

### III. STAY OR DISMISS

As Abella argues, we have said that stay rather than dismissal

---

[4]Some of our cases appear to treat *Preiser* as a rule of exhaustion rather than cognizability.  *See, e.g., Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981) (Following *Preiser,* our cases "have consistently held that any § 1983 action which draws into question the validity of the fact or length of confinement must be preceded by exhausting state remedies.");  *but see Fulford v. Klein,* 529 F.2d 377, 381-82 (5th Cir.1976) (specifically reserving question of whether plaintiff would have § 1983 cause of action after exhaustion), *adhered to en banc,* 550 F.2d 342 (1977).  These cases imply that exhaustion is the only barrier to a § 1983 (or *Bivens* ) claim which challenges the fact or duration of the claimant's confinement, and that such a claim would be cognizable after the claimant had exhausted habeas remedies.  *See, e.g., Richardson,* 651 F.2d at 375 ("Once Richardson has exhausted his state and federal habeas corpus remedies, he may then proceed under § 1983....").  *Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.  --- U.S. at ----, 114 S.Ct. at 2369 ("*Preiser* did *not* create an exception to the "no exhaustion' rule of § 1983;  it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings.").  Therefore, injunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or *Bivens* actions.

is the appropriate disposition of some § 1983 claims. *Prather,* 901 F.2d at 918-19. Although the petitioner in *Prather* presented claims for both monetary damages and for injunctive and declaratory relief, we suggested that stay was appropriate because of our concern that the statute of limitations would run on Prather's damages claims pending exhaustion of Prather's state remedies. *Id.* at 918-20. This is no longer a concern because, as *Heck* teaches, such damages claims do not accrue until the plaintiff's conviction or sentence has been invalidated; the statute of limitations will not run on § 1983 or *Bivens* damages claims while the plaintiff exhausts state or federal remedies. Thus, Abella's argument that the district court should have stayed his damages claims to prevent the tolling of the statute of limitations on those claims is no longer viable under *Heck.*

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order dismissing Abella's *Bivens* claims with prejudice.

AFFIRMED.