**Roy STOCKER,**

v.

**Andrew HOOD, et al.**

**Civil Action No. 92–7441.**

United States District Court,
E.D. Pennsylvania.

May 22, 1996.

Roy Stocker, Pro Se.

Robert M. Rosenblum, Stroudsburg, PA, John O.J. Shellenberger, III, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Roy Stocker, a pro se prisoner, is suing his criminal defense counsel ["defense counsel"] and various state officials ["state officials"] under 42 U.S.C. § 1983[1] for allegedly (i) conspiring to convict him and (ii) conspiring to cause a government forfeiture of property owned by his wife. Before me are a motion for summary judgment by defense counsel and a motion to dismiss[2] by the state officials. Both motions ask that I dismiss Stocker's challenge to his conviction under the 1994 United States Supreme Court decision in *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383, and that I dismiss Stocker's claim on behalf of his wife's interest in the forfeited property for failure to meet his burden to prove standing. I will grant the motions of both sets of defendants.

## I. BACKGROUND

In June 1989, a grand jury indicted Roy Stocker for the manufacture and distribution of a controlled substance. Attorney Andrew Hood entered his appearance on behalf of Stocker in January 1990. In March 1990, Hood withdrew as Stocker's counsel. In May 1990, Stocker, represented by other counsel, was convicted in the Court of Common Pleas of Bucks County, Pennsylvania. Stocker's post-trial motions were denied, and subsequent state court appeals were unsuccessful. *See Commonwealth v. Stocker*, No. 6707–89 (Bucks County Ct.C.P., Criminal Div., Nov. 26, 1991); *see also* Docket, No.

6707–89 (Bucks County Ct.C.P., Criminal Div.).

In September 1989, the Commonwealth of Pennsylvania commenced a forfeiture action in Monroe County, Pennsylvania, pursuant to the Controlled Substances Forfeiture Act, 42 Pa.Cons.Stat.Ann. § 6801 (1995), against property owned by Stocker's wife which was thought to be proceeds of Stocker's illegal activities. *Commonwealth v. Purpart No. 1, 4.628 Acres*, No. 132 Misc.Civil 1989 (Monroe County Ct.C.P.). Stocker's wife, represented by Attorney Andrew Hood, entered an agreement with the state to pay $200,000 in exchange for the right to keep her property. *See* Docket, No. 132 Misc.Civil 1989 (Monroe County Ct.C.P.). Attorney Hood withdrew from the case in April 1990, following which Stocker's wife filed a petition to reopen the case. *Id.* Her petition was denied, and she was unsuccessful on appeal. *Id.* She failed to pay the state $200,000, and her property was forfeited to the government. *Id.* A subsequent § 1983 action in federal court was dismissed for lack of jurisdiction. *Rifkin v. Pennsylvania Att'y Gen.'s Office*, No. 93–1375 (M.D.Pa. July 29, 1994), *aff'd*, 54 F.3d 769 (Table) (3d Cir.1995).

## II. CONSPIRACY TO CONVICT PLAINTIFF

■ Stocker claims that he was convicted because of an unlawful conspiracy between his defense counsel and various state officials from the Pennsylvania Attorney General's Office, and that he is therefore entitled to damages under § 1983. Defendants argue that plaintiff's claim fails under *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),[3] which states:

[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must con-

1. Stocker is suing private actors under § 1983 on the theory that they conspired with state actors and therefore were acting under color of state law. (1/9/95 Tr.) *See Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–06, 26 L.Ed.2d 142 (1970).

2. This motion was filed as a 12(b)(6) motion to dismiss. However, in an attempt to give the pro se plaintiff the benefit of every doubt, I will consider materials submitted by plaintiff outside the pleadings in accordance with Fed.R.Civ.P.

12(c) and 56. This is not prejudicial to either party, for the case has been pending for over three years, and the discovery deadline expired months ago.

3. *Heck v. Humphrey* applies retroactively and therefore is germane to this case. *See Abella v. Rubino*, 63 F.3d 1063, 1064 (11th Cir.1995) (citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 95, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993)).

sider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at ——, 114 S.Ct. at 2372.

■ Stocker's claim meets all of the criteria required for application of *Heck.* His state court conviction has never been reversed or declared invalid, and in fact it has been upheld on appeal. (1/9/95 Tr. at 7; Pl.'s 1/17/95 Letter to Court). Also, a judgment in Stocker's favor would necessarily imply the invalidity of his conviction, because he is alleging that his conviction was the product of an unconstitutional conspiracy between his defense counsel and the government. *See Williams v. Hill,* 74 F.3d 1339 (D.C.Cir. 1996); *Abella v. Rubino,* 63 F.3d 1063 (11th Cir.1995). Were Stocker to succeed, the result would be a direct conflict between a state court judgment of conviction and a federal judgment that the conviction was flawed—exactly what the Supreme Court intended to proscribe in *Heck.* —— U.S. at ——, 114 S.Ct. at 2371. Stocker's claim on the conspiracy to convict must be dismissed.

## III. CONSPIRACY TO CAUSE THE FORFEITURE

■ Stocker is also challenging the constitutionality of forfeiture proceedings instituted by the Commonwealth of Pennsylvania against property owned by Stocker's wife. Defendants argue that Stocker has not met his burden to prove his standing to bring this claim.

■ Every plaintiff must have standing to sue. *See Ex parte Levitt,* 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937). To have stand-

ing to challenge a forfeiture, a plaintiff must have been either the "owner or possessor" of the property which was forfeited to the government. *United States v. Contents of Accounts Nos. 3034504504 and 144–07143 at Merrill, Lynch, Pierce, Fenner and Smith, Inc.,* 971 F.2d 974, 985 (3d Cir.1992), *cert. denied sub nom. Friko Corp. v. United States,* 507 U.S. 985, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993). Stocker has failed to meet his burden to prove that he is either the owner or possessor of the forfeited property. Not once in the over thirty documents he filed with this court over a period of three years has Stocker maintained that he owned or possessed the property. To the contrary, he has insisted that his wife owned the forfeited property. (Compl. ¶ 23; 1/9/95 Tr. at 11, 15–16.) In response to the court's oral inquiry on the subject at oral argument on January 9, 1995, Stocker claimed an "equitable interest" in the property because it belonged to his common law wife.[4] However, under Pennsylvania law, which is applicable in this case, an equitable interest in marital property does not alone establish ownership for purposes of a forfeiture challenge. *United States v. Premises Known as 717 South Woodward Street, Allentown, Pa.,* 2 F.3d 529, 536 (3d Cir.1993). Stocker fails to meet his burden to prove standing and therefore his claim as to the forfeiture must be also dismissed.[5]

## IV. CONCLUSION

Viewing the facts in the light most favorable to Stocker, defendants are entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 12 and 56.

---

4. THE COURT: I'm asking you whether you're alleging right now that you owned that property.
   MR. STOCKER: I did not own the property....
   THE COURT: But you ... didn't get hurt because you never owned the property, isn't that correct?
   . . . .
   MR. STOCKER: I did get hurt, my wife owned the property— ... and being her husband in the

common law, I am—I owned or I benefited [sic] from anything that she owned, I had an equitable interest in the property.
   1/9/95 Tr. at 15–16.

5. Stocker's challenge to the state court forfeiture suit that emanated from his criminal conviction may also be defective under *Heck v. Humphrey.* Since he has failed to sustain his burden on standing, I need not address this issue.