[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12367
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00252-WTH-KRS


MARTIN G. PLOTKIN,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
RHONDA S. PATRICK,
LEONARD R. BUSSMANN,
LEWIS C. LEEKER,
LYNDA MCADON,
THOMAS E. SANDERS,
KEN A. KIBORT,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 13, 2012)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Plotkin appeals pro se the district court's dismissal of his civil rights complaint alleging: (1) constitutional violations pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971) (Count One); (2) wrongful disclosure of tax return information, in violation of 26 U.S.C. §§ 6103 and 7431 (Count Two); and (3) instigation of an unauthorized collection action, in violation of 26 U.S.C. § 7433 (Count Three). After review, we affirm.[1]

## I. BACKGROUND FACTS

### A. Conviction and Probation

In 1999, Plotkin was convicted in the Eastern District of Missouri of filing false tax returns in the years 1991, 1992 and 1993, in violation of 26 U.S.C. § 7206(1). Plotkin was sentenced to five years' probation, which he began serving in May 2001. As a special condition of his probation, Plotkin was required to "file all correct tax returns and forms required by the income tax laws of the United

---

[1]We review de novo a district court order granting a motion to dismiss, applying the same standard as the district court, accepting the complaint's allegations as true and drawing all reasonable inferences in favor of the plaintiff. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

States, pay any taxes owed and, as requested by the U.S. Probation Office, provide copies of all filed tax forms." After Plotkin moved to Ocala, Florida, supervision of his probation was transferred to the Middle District of Florida.

In November 2005, Plotkin's probation officer, Thomas Sanders, filed a petition for revocation in the Middle District of Florida. The revocation petition alleged that Plotkin had violated his special condition of probation by failing to file his tax returns and pay taxes from 2001 to 2005.

The district court held two hearings on the revocation petition. During the second hearing, on June 20, 2006, the parties argued about whether the special condition of probation referred only to taxes owed in years 1991 through 1993 or to future taxes Plotkin would owe during the probationary period. After the hearing, the district court transferred probation supervision back to the Eastern District of Missouri. There, in December 2006, the district court summarily dismissed the petition and released Plotkin from probation. By this time, Plotkin's five-year probation, which began in May 2001, was apparently expired, but the record does not tell us the basis for the district court's dismissal.

## B. Civil Action

On June 25, 2008, Plotkin filed this pro se complaint against the United States, probation officer Sanders, and Internal Revenue Service ("IRS") agents

Rhonda Patrick, Leonard Bussman, Lewis Leeker, Lynda McAdon and Ken Kibort. Count One alleged that beginning in 1996 the defendants conspired to falsely convict Plotkin of tax crimes and, after his 2000 conviction, to use the probation revocation proceedings to collect unassessed taxes, in violation of Plotkin's Fifth Amendment due process rights. Count Two alleged that Defendants Leeker, McAdon and Kibort, IRS revenue agents, provided probation officer Sanders with Plotkin's tax return information for the years 1998 through 2004, in violation of 26 U.S.C. § 7431. Count Three alleged that the United States, through IRS revenue agents Leeker, McAdon and Kibort, used the probation revocation proceedings to collect taxes the agents knew Plotkin did not owe, in violation of 26 U.S.C. § 7433.

The district court granted the defendants' motions to dismiss Plotkin's complaint with prejudice. Plotkin filed this appeal.

## II. DISCUSSION

A. **Heck-Barred Bivens Claim**

The district court did not err in dismissing Plotkin's Bivens claims arising out of his criminal convictions as barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

Under Heck, a prisoner may not bring a non-habeas civil action challenging

4

the constitutionality of officials' action if a judgment in the prisoner's favor "would necessarily imply the invalidity of his conviction or sentence," unless the prisoner shows that his conviction or sentence has already been invalidated. Heck, 512 U.S. at 487, 114 S. Ct. at 2372; see Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (concluding that Heck applies to Bivens actions by federal prisoners). Therefore, a plaintiff's damages claim alleging that the defendants unconstitutionally conspired to falsely convict him is not ripe and must be dismissed unless the conviction has been invalidated. Abella, 63 F.3d at 1065.

Plotkin does not contend that his underlying convictions for filing false tax returns have been invalidated. Thus, to the extent Count One of Plotkin's complaint rests on the contention that the defendants conspired to secure those convictions, the district court properly dismissed it as Heck-barred.

## B. Qualified Immunity

To the extent Plotkin's Bivens claim in Count One relates to Plotkin's probation revocation, we find no error in the district court's determination that the Defendants were entitled to qualified immunity.

Government officials are immune from suit if they were performing discretionary functions and their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have known.

5

<u>Randall v. Scott</u>, 610 F.3d 701, 714 (11th Cir. 2010). Plotkin argues that IRS agents Leeker, McAdon and Kibort are not entitled to qualified immunity because they acted outside the scope of their discretionary authority when they participated in his probation revocation proceedings.

A "discretionary function" involves actions that "are of a type that fell within the employee's job responsibilities." <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1265 (11th Cir. 2004). In determining whether a defendant performed a discretionary function, our inquiry is not whether the act complained of was done for an improper purpose, but "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." <u>Harbert Int'l, Inc. v. James</u>, 157 F.3d 1271, 1282 (11th Cir. 1998); <u>see</u> <u>Holloman</u>, 370 F.3d at 1266 (explaining that we temporarily put aside whether the act was committed in an allegedly unconstitutional manner, and look "to the general nature of the defendant's action").

Defendants Leeker, McAdon and Kibort are IRS revenue agents. Revenue agents conduct civil examinations to determine a taxpayer's civil tax liability. Plotkin does not dispute that conducting a tax examination and testifying in a criminal proceeding about the results of that examination are part of a revenue

agent's duties. Plotkin's allegations that the revenue agents acted in a knowingly false or unconstitutional manner does not take their actions outside the scope of their discretionary authority. Accordingly, the district court properly concluded that Defendants Leeker, McAdon and Kibort were acting within the scope of their discretionary authority.

Plotkin next contends that probation officer Sanders and IRS agents Leek, McAdon and Kibort are not entitled to qualified immunity because their conduct violated his clearly established due process rights. Specifically, Plotkin argues that the Defendants represented to the court in the probation revocation proceedings that Plotkin had not paid taxes he owed and that they knew their representations were false because (although he had not paid taxes) Plotkin had appealed the tax examinations for those years and could not "owe" taxes until the civil appeal process had run its course.

For purposes of the qualified immunity analysis, we examine: (1) whether the facts alleged establish a constitutional violation; and (2) whether that right was clearly established. Randall, 610 F.3d at 715. We have discretion to decide which prong of this two-step inquiry to address first. Pearson v. Callahan, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009). We note that Plotkin does not identify whether his due process claim is a procedural one or a substantive one. To the extent his is

7

a substantive due process claim, he has not identified any substantive due process right. To the extent he brings a procedural due process claim, he acknowledges he had two probation revocation hearings, after which the probation revocation petition was dismissed. Thus, it is far from clear that there is a due process violation. However, we need not reach this issue because any alleged due process right was certainly not clearly established.

"'Clearly established law' is law that is sufficiently established so as to provide public officials with 'fair notice' that the conduct alleged is prohibited." Randall, 610 F.3d at 715. Ordinarily, we look to the case law at the time of the alleged violation to see if the right is clearly established. Id. at 715-16; see Vinyard v. Wilson, 311 F.3d 1340, 1349-52 (11th Cir. 2002). Prior case law must either (1) contain a "broad statement[] of principle . . . not tied to particularized facts" such that "every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted," or (2) announce a constitutional violation occurred based on specific facts that are "not fairly distinguishable" from the circumstances the government official faced. Vinyard, 311 F.3d at 1351-52. In certain cases, however, the conduct "so obviously violates the Constitution that prior case law is unnecessary." Randall, 610 F.3d at 715-16; see Vinyard, 311 F.3d at 1350.

Here, Plotkin does not cite any case law clearly establishing that the defendants' alleged conduct was unconstitutional. Moreover, we find no merit to Plotkin's contention that the unconstitutionality of the defendants' alleged conduct was readily apparent even in the absence of case law.

A probation officer is required to, among other things, "keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of a probationer . . . and report his conduct and condition to the sentencing court," and "keep informed concerning the [probationer's] . . . compliance with any condition of probation . . . and report thereon to the court." 18 U.S.C. § 3603(2), (7). As a special condition of Plotkin's probation, he was required to "file all correct tax returns and forms required by the income tax laws of the United States, pay any taxes owed and, as requested by the U.S. Probation Office, provide copies of all filed tax forms." Thus, Defendant Sanders had a duty to stay informed as to whether Plotkin complied with this special condition and report Plotkin's failure to comply.

Moreover, the special condition is ambiguous and susceptible to multiple interpretations regarding which years it obligated Plotkin to satisfy his federal tax obligations. Indeed, after two probation revocation hearings, the district court in the Middle District of Florida could not determine its proper meaning and, thus,

9

transferred probation supervision back to the Eastern District of Missouri.

Second, and perhaps more importantly, it is unclear whether the phrase "any taxes owed" in the special condition refers to the tax amount shown due on Plotkin's federal return, the tax liability determined by a revenue agent's examination or the tax liability determined after Plotkin has exhausted any administrative and/or judicial appeals. Under these particular circumstances, we cannot say that every reasonable probation officer and IRS revenue agent would have known that reporting to the district court Plotkin's unpaid tax liabilities as determined by a revenue agent's examination constituted a due process violation.[2]

For these reasons, the district court properly concluded that the individual defendants were entitled to qualified immunity as to Plotkin's Bivens claims arising out of his probation revocation.

## C.    Unauthorized Disclosure Claim

Plotkin argues that Defendants Leeker, McAdon and Kibort violated 26 U.S.C. § 6103 when they provided probation officer Sanders with Plotkin's tax return information.

The Internal Revenue Code prohibits employees and officials of the United

---

[2]Because we affirm the district court's dismissal of the Bivens claims based on qualified immunity, we do not address Defendant Sanders's alternative argument that he is entitled to absolute immunity.

States from disclosing taxpayers' return information, "except as authorized by [the Internal Revenue Code]," 26 U.S.C. § 6103(a), and provides a civil remedy for damages for unauthorized disclosures. Id. § 7431. However, disclosure in a judicial proceeding is allowed where "the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability." 26 U.S.C. § 6103(h)(4)(A). Furthermore, damages are not recoverable for an unauthorized disclosure if the disclosure "results from a good faith, but erroneous, interpretation of section 6103." 26 U.S.C. § 7431(b)(1).

Here, Plotkin's probation revocation proceedings are an extension of his criminal proceedings for tax crimes. As such, the defendants' disclosure of Plotkin's tax returns was authorized under § 6103(h)(4)(A).

Even assuming arguendo disclosure was not authorized, we conclude that the Defendants' actions fell within the good faith exception given that the Internal Revenue Manual ("IRM") allowed for disclosure of return information to a probation officer under the circumstances presented here. See IRM 5.1.5.20 (permitting disclosure where the information relates to a taxpayer convicted of a criminal tax violation, the probation officer was charged with ensuring that the probationer complies with internal revenue laws and the information is limited to

11

those years specified by the conditions of probation); Comyns v. United States, 287 F.3d 1034, 1034 (11th Cir. 2002) (affirming district court's order concluding that the good faith exception applies if the agents followed the relevant agency regulations and manuals and those regulations and manuals constitute a reasonable interpretation of the law).

**D.     Unauthorized Collection Action Claim**

Under the Internal Revenue Code, a taxpayer may bring a damages claim against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a)-(b). The action must be brought within two years after the cause of action accrues. Id. § 7433(d)(3).

We affirm the district court's dismissal of Plotkin's claim that the probation revocation proceedings were an unauthorized collection action, but do so on statute of limitations grounds. See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1360 (11th Cir. 2011) (explaining that we may affirm on any ground supported by the record, regardless of whether it was relied upon by the district court).

Count Three of Plotkin's complaint alleges that Defendants Leeker, McAdon and Kibort used the probation revocation proceedings to try to circumvent the tax collection procedure set out in the Internal Revenue Code. Even assuming arguendo Count Three states a § 7433 violation, that claim accrued at the latest by June 20, 2006, at the second probation revocation hearing. See Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (stating that the general rule under federal law is that a claim accrues and starts the statute of limitations period when the plaintiff knew or should have known that he was injured and who inflicted the injury).[3] Plotkin did not file his complaint until June 25, 2008, more than two years after the second probation revocation hearing. Accordingly, the district court properly dismissed Count Three.

### III.  CONCLUSION

For these reasons, we affirm the district court's dismissal of Plotkin's complaint.

**AFFIRMED.**

---

[3]We find unpersuasive Plotkin's argument that his claim did not accrue until November 2007, when, in response to a Freedom of Information Act request, he received documents that provided many of the facts alleged in his complaint.

13