[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14664
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81244-KAM

REGINALD EUGENE GRIMES, SR.,

Plaintiff-Appellant,

versus

SECURITY MANAGER LIDIA SABRI,
Avis Budget Group,
DISTRICT MANAGER MICHAEL O'LOUGHLIN,
Avis Budget Group,
DIRECTOR CRAIG L. RICHARDS,
Avis Budget Group,
EMPLOYEE BRIAN ALLEY,
Avis Budget Group,
AVIS BUDGET GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 22, 2016)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Reginald Eugene Grimes, a federal prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim.  On appeal, Grimes argues that he made a viable § 1983 claim against the defendants and that these five defendants are state actors.

## I.    BACKGROUND

In his § 1983 complaint, Grimes named, as defendants, Avis Budget Group, Inc. and four individuals—Lidia Sabri, Michael O'Loughlin, Craig L. Richards, and Brian Alley (collectively, "Avis Budget").  All of the individuals named in the suit were employees of Avis Budget.  Grimes alleged that they violated his Fourth, Fifth, and Fourteenth Amendment rights by subjecting him to unlawful searches and seizures under 42 U.S.C. § 1983 by assisting law enforcement investigations. He requested relief in the form of $80,000 in compensatory damages from each individual, $400,000 in punitive damages, and reasonable attorney's fees.

Undisputed court records show that federal authorities charged Grimes with two felony drug counts in January 2015.  (Indictment, United States v. Moore, No. 9:15-cr-80003 (S.D. Fla. Jan. 13, 2015) (hereinafter, "Criminal Docket"), ECF No. 3).  Prior to trial, Grimes moved to suppress any cell phones seized by the police during his arrest arguing, in part, that law enforcement illegally obtained his rental

2

contract (which showed his cell phone number) from Avis Budget officials, but the district court denied his motion. (Criminal Docket, ECF Nos. 406, 497, 502). The criminal case then proceeded to trial, and a jury convicted Grimes of both counts in July 2015. (Criminal Docket, ECF No. 657). Following sentencing, Grimes appealed, and that matter is currently pending before this Court. (Criminal Docket, ECF Nos. 773, 777; CM/ECF for the 11th Cir., case no. 15-14533).

One month after he was convicted, Grimes filed the present civil suit against Avis Budget and its named employees. A magistrate judge sua sponte recommended dismissal of Grimes's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Grimes was impermissibly challenging his conviction under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). The district court adopted the magistrate judge's recommendation and dismissed Grimes's complaint with prejudice. In doing so, the district court expressly concluded that, even if it did not consider Grimes's criminal charges, he was "suing private parties for alleged violations of his constitutional rights," and he had not shown how these private parties were state actors so as to allow him to proceed against them under § 1983. Grimes subsequently filed this appeal.

## II.    DISCUSSION

We review the district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) de novo, using the same standards that

3

govern Federal Rule of Civil Procedure 12(b)(6) dismissals.  Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003).

In reviewing a motion to dismiss under Rule 12(b)(6), we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 678, 129 S. Ct. at 1950.

While we construe a pro se litigant's pleadings liberally, Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law.  42 U.S.C. § 1983.  Although § 1983 applies only to state officials, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), provides a

4

parallel remedy for the deprivation of rights by a federal official.  See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).  We generally apply the same law to both § 1983 and Bivens cases.  Id.

To prevail on a claim under § 1983, "a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cty., 139 F.3d 865, 872 (11th Cir. 1998).  Private actors may be deemed to have acted under color of state law, but "[o]nly in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  We employ three distinct tests for determining whether a private party acted under color of state law: (1) the public function test, which asks whether the private actors were performing functions traditionally the exclusive prerogative of the state; (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in a common enterprise.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).  Whether a private party acted under color of state law is determined on a case-by-case basis.  Id.

Here, the district court properly dismissed Grimes's complaint because it did not allege any plausible facts showing that these private defendants acted under

color of state or federal law.  Thus, dismissal with prejudice was warranted, and we affirm.[1]

**AFFIRMED.**

---

[1] In light of this determination, we need not reach the district court's alternative Heck analysis and, in any event, Grimes does not challenge this analysis on appeal.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 682-83 (11th Cir. 2014) (explaining that a party's failure to address a district court's alternative holdings constitutes an abandonment of those issues).

Furthermore, while the district court dismissed Grimes's complaint with prejudice without giving him leave to amend, such a dismissal is appropriate where amendment would have been futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (concluding that plaintiffs should generally be given at least one chance to amend before a district court dismisses an action with prejudice unless amending the complaint would be futile).