[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  17-11290
Non-Argument Calendar
_____

D.C.  Docket No.  5:16-cv-00034-LC-EMT

GABRIEL GONZALEZ,

Plaintiff-Appellant,

versus

KENDEZ ARCHER,
MD,
CONNIE COPELAND,
RYLES,
Health Services Administrator,
PELT,
Assistant Health Services Administrator,
KATIE WATSON,
Chief Pharmacist,
MELANIE ALEXANDER,
ARPN,
ENGLISH,
Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 12, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Gabriel Gonzalez, a federal prisoner proceeding *pro se*, brought this *Bivens*[1] action alleging that several employees of the Federal Correctional Institution at Marianna, Florida ("FCI Marianna") denied him adequate medical care in violation of his constitutional rights.  The district court dismissed his complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  We affirm in part, vacate in part, and remand for further proceedings.

# I

Gonzalez brought this action against several health-services and medical personnel at FCI Marianna alleging violations of his constitutional rights.  In particular, Gonzalez contends that he was denied adequate medical care when (1) prison officials refused him access to a medication prescribed to treat his chronic gastroesophageal reflux disease ("GERD"), and (2) a prison employee revoked a

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

separate prescription used to treat his psoriasis in retaliation for his grievances regarding the GERD medication.

Gonzalez contends that he was prescribed a drug called ranitidine to treat his GERD—which he describes as a "potentially life threatening, cancer causing, chronic care condition that is exacerbated by delay or neglect without urgent and consistent treatment"—but that he was refused access to the medication from October 1, 2014, until September 15, 2015, at which point he was transferred from FCI Marianna to another facility.  According to Gonzalez, he was originally denied ranitidine and informed that due to a change in prison policy (and because he was not indigent) he would no longer be provided free medication, but instead would have to purchase it at the prison commissary.  He also alleges that around the same time, his ranitidine prescription refill order was deleted from his inmate medication account and that, although he made multiple attempts to purchase the medication between October 1, 2014 and November 1, 2014, he was told either that it was not stocked or that it was not available for sale.

Gonzalez asserts that he made repeated written and verbal "pleas" for immediate medical treatment between October 1, 2014 and September 1, 2015, complaining that he was suffering from sleeplessness, burning, choking, coughing, difficulty swallowing and speaking, and shortness of breath—all as a result of being refused his GERD medication.  Gonzalez also contends that, in retaliation

3

for these pleas and administrative grievances, defendant Melanie Alexander revoked his prescription for a different medication—in particular, a Coal-Tar shampoo used to treat his psoriasis.

A magistrate judge issued a Report and Recommendation ("R&R") recommending that the district court dismiss Gonzalez's complaint under U.S.C. § 1915A(b)(l) for failure to state a claim upon which relief may be granted. The magistrate judge concluded that Gonzalez failed to establish a constitutional violation (1) because Gonzalez's ranitidine-based claim was not so much a complaint that he had been denied his medication outright, but rather only that he had been refused *free* medication, to which a prisoner has no constitutional right; and (2) because his separate retaliation claim against Alexander was unfounded and conclusory, as he did not allege how his grievance would have affected or motivated her to retaliate against him and, in fact, did not identify the grievance or its subject matter. The district court adopted the R&R over Gonzalez's objections and dismissed his complaint. Gonzalez timely appealed to this Court.

On appeal, Gonzalez argues that he had a serious need for medication to treat his GERD condition and that the defendants violated his constitutional rights by (1) intentionally preventing him from obtaining ranitidine despite his repeated demands, and (2) revoking his Coal-Tar prescription and transferring him to another facility in retaliation for his grievances.

We review a district court's dismissal of a prisoner's complaint for failure to state a claim under 28 U.S.C. § 1915A *de novo*, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings are "held to a less stringent standard . . . and will, therefore, be liberally construed." *Id.*

## II

### A

To state a viable Eighth Amendment claim of cruel and unusual punishment due to deprivation of medical attention, there must be deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a prisoner must show (1) that he had an objectively serious medical need; (2) that a prison official acted with deliberate indifference to that need; and (3) that his injury was caused by the prison official's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need that has been diagnosed by a physician as mandating treatment qualifies as a serious medical need under the first prong. *Id.* The second prong requires the prisoner to show that the defendant had subjective knowledge of a risk of serious harm and disregarded that risk by conduct that is "more than gross negligence." *Id.* at 1326–27. Finally, a prison official causes an inmate's injury, for purposes of the third prong, if she

5

personally participates in the constitutional violation and her wrongful conduct leads to the inmate's harm. *Id.* at 1327.

Here, Gonzalez had an objectively serious medical need for the ranitidine used to treat his GERD under prong one because a physician prescribed the medication to him. Although prongs two and three are closer calls, viewing the allegations in the complaint as true, as we must—and construing them liberally, as we must—Gonzalez has adequately pleaded a claim that the defendants here were deliberately indifferent. With respect to prong two, Gonzalez contends that the defendants knew that the ranitidine had been prescribed but repeatedly and "intentional[ly]" denied him access to it for a prolonged period—even, he says, when he attempted to purchase it. *See* Br. of Appellant at 2–3 (describing prison officials' "intentional refusal to care for him during the time he was refused to be provided with his prescription medication"); *see also* Amended Complaint at 7–12 (describing numerous "pleas" for the medication and subsequent "refus[als]"). And as to prong three, Gonzalez adequately asserts that the denial of his medication caused him to suffer from sleeplessness, burning, choking, coughing, difficulty swallowing and speaking, and shortness of breath. *See* Amended Complaint at 9–10 (describing injuries).

It is not for us to determine whether Gonzalez's Eighth Amendment deliberate-indifference claim is meritorious. We merely hold that, the district court

should not have dismissed Gonzalez's claim at this preliminary stage of the proceedings.

**B**

"First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X*, 437 F.3d at 1112. To establish a retaliation claim, a complaint must adequately allege that (1) a prisoner's speech or act was constitutionally protected; (2) the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) there was a causal connection between the retaliatory actions and the adverse effect on the speech or act. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (describing standard for Section 1983 cases); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("[C]ourts generally apply § 1983 law to *Bivens* cases.").

The record supports the district court's conclusion that Gonzalez failed to state a viable retaliation claim upon which relief could be granted. Gonzalez did not present facts that plausibly support a causal connection between his ranitidine-based grievances, the defendants, and the secession of his separate Coal-Tar prescription or his transfer. Accordingly, Gonzalez's retaliation claims are conclusory, and the district court's dismissal of them was proper.

7

## III

For the foregoing reasons, we hold (1) that the district court erred in dismissing Gonzalez's deliberate-indifference claim because, at this stage of the proceedings, he has adequately pleaded a plausible Eighth Amendment violation arising from the denial of his prescription medication; and (2) that the district court correctly dismissed Gonzalez's retaliation claims as vague and conclusory. Accordingly, we affirm the dismissal of Gonzalez's retaliation claims, but vacate as to the deliberate-indifference claim, and remand the case for further proceedings.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**