[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12087

Non-Argument Calendar

_____

RHONDA REID,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE,
ROBERT GEARHART,
Investigator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:20-cv-00069-CDL

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Rhonda Reid, proceeding *pro se*, filed a complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Internal Revenue Service (IRS) and IRS investigator Robert Gearhart, alleging the latter falsely told the Greene County Sheriff's Office she was engaged in fraudulent tax activity, which led to her state court conviction for racketeering. The district court dismissed her complaint for lack of subject matter jurisdiction because Reid failed to allege facts that would support a waiver of sovereign immunity; Reid's *Bivens* action against Gearhart in his individual capacity was *Heck*[1]-barred; and the Anti-Injunction Act (AIA), 26 U.S.C. § 7421, prohibited Reid's claim for injunctive relief. Reid argues the district court had subject matter jurisdiction and its order to the contrary was retaliation for having previously initiated a habeas suit. After review,[2] we affirm the district court.

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[2] We review *de novo* the dismissal of a complaint for lack of subject matter jurisdiction. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). The plaintiff has the burden of proving that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## I.  DISCUSSION

### A.  Official Capacity

The government and its agencies are immune from suit unless it waives its sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Because "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," suits against an officer in his official capacity are treated as being against the entity, as it is the entity that would pay damages.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quotation marks omitted).

Subject to exceptions set forth in 28 U.S.C. § 2680, the FTCA waives sovereign immunity as to claims against the United States for injuries caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment.  28 U.S.C. § 1346(b)(1).  It precludes liability absent a showing by the plaintiff that a private individual who had acted as did the federal employee would be liable for the particular tort under governing state law where the tort occurred.  *Id.*

The district court did not err in finding Reid failed to allege a waiver of sovereign immunity.  Reid did not assert that her criminal prosecution, allegedly spurred by Gearhart's false communication to the sheriff's office that Reid had filed a fraudulent tax return, ended in her favor; in fact, she asserted she was convicted and spent seven years in prison.  Thus, Reid did not state a malicious prosecution claim.  *See Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir.

2018) (explaining to prove a malicious prosecution claim under Georgia law, a plaintiff must establish that a criminal prosecution terminated in her favor, among other elements). And even if Reid had properly stated the elements of a slander claim under Georgia law, the FTCA does not waive sovereign immunity for slander suits against the United States and its officers acting in their official capacity.   28 U.S.C. § 2680(h) (providing an exception to FTCA waiver is "[a]ny claim arising out of . . . malicious prosecution, . . . , [or] slander, . . . ," although immunity continues to be waived for malicious prosecution with regard to acts or omissions of federal law enforcement officers).

Moreover, Reid did not allege she filed an administrative claim with the IRS regarding Gearhart's communication, which she was required to do prior to filing suit in federal court. *See* 28 U.S.C. § 2675(a) (providing a district court lacks jurisdiction over an FTCA claim until a claimant has exhausted her administrative remedies by filing a claim with the appropriate agency and waiting until the claim is denied or six months have passed).  Finally, to the extent Reid's complaint can be liberally read as asserting a 26 U.S.C. § 7431 wrongful disclosure claim, Reid's complaint and the sheriff's office incident report attached to her complaint do not allege or indicate Gearhart communicated anything to the sheriff's office beyond that Reid had filed a fraudulent tax return.  Reid did not assert that Gearhart gave that tax return to the sheriff's office or disclosed any information that the return contained.  Therefore, Reid also failed to plead waiver under § 7431.  26 U.S.C. §§ 6103(b)(2), 7431

(providing, in section 7431, that sovereign immunity is waived as to claims that an officer of the United States knowingly or negligently disclosed any tax return or tax return information that can be associated with an individual taxpayer).

## B. Individual Capacity

Under *Heck*, a *Bivens* plaintiff must prove her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" in order to recover damages for harm caused by actions whose unlawfulness would render her conviction or sentence invalid. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). If such an action is brought prior to invalidation of the conviction or sentence challenged, it must be dismissed. *Id.*

The district court did not err in finding that Reid's *Bivens* claim against Gearhart, in his individual capacity, is *Heck*-barred. Reid alleged Gearhart falsely told the sheriff's office she filed a fraudulent federal tax return, which led to her conviction for using return checks that she received based on fraudulent tax returns. Reid's recovery would necessarily render her conviction invalid since she alleges she did not actually file any fraudulent tax returns, and her conviction establishes the opposite. Thus, the district court did not err in dismissing her claim against Gearhart in his individual capacity.

6                    Opinion of the Court                    21-12087

*C. Injunctive Relief*

Even assuming the district court erred by finding the AIA[3] barred it from ordering the IRS to withdraw its report to the sheriff's office, the Administrative Procedure Act's, 5 U.S.C. § 702, waiver of sovereign immunity did not apply to Reid's claim for injunctive relief, which precludes subject matter jurisdiction over this claim. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999) (stating the APA waives the government's sovereign immunity from actions seeking relief other than monetary damages). The APA's waiver only applies to challenges to a "final agency action" that is not "committed to agency discretion by law." 5 U.S.C. §§ 701(a)(2), 704. To be "final," an action must mark the consummation of an agency decisionmaking process and must be one by which rights or obligations have been determined, or from which legal consequences will flow. *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016). The decision as to whether an agency should commence an investigation is committed to the agency's discretion and therefore not reviewable, unless Congress has indicated otherwise. *Heckler v. Chaney*, 470 U.S. 821, 838 (1985). Congress has decided to permit disclosure of returns and return information to local law enforcement agencies only upon

---

[3] The AIA prohibits suits "for the purpose of restraining the assessment or collection of any tax," including suits to permanently enjoin the IRS from engaging in activities which are intended to or may culminate in the assessment or collection of taxes. *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1321 (5th Cir. 1981).

written request by the head of the requesting agency.  26 U.S.C. § 6103(d)(1).

The APA's waiver of sovereign immunity does not apply because Gearhart's phone call to the sheriff's office was not a final agency action that is not committed to agency discretion by law.  5 U.S.C. §§ 701(a)(2), 704.  First, the call was not an initial agency action because it did not formally consummate any IRS decisionmaking process.  It was an attempt by Gearhart to initiate an investigation by the sheriff's office into Reid's fraudulent tax activity; the call was part of a larger investigation into Tammy Bettis, who had issued the tax return checks to Reid; and the call did not by itself have any legal significance.  *US Army Corps of Eng'rs*, 578 U.S. at 597.  Second, the call was a discretionary action by Gearhart in the course of his investigatory duties, thus making it unreviewable.  *Heckler*, 470 U.S. at 838. Although Gearhart was permitted to disclose returns and return information to the sheriff's office only upon written request by the Greene County Sheriff, Reid did not allege that Gearhart gave the fraudulent tax return to the sheriff's office or disclosed any information the return contained.  26 U.S.C. § 6103(d)(1).

## II.  CONCLUSION

The district court did not err in dismissing Reid's complaint for lack of subject matter jurisdiction because Reid failed to allege a waiver of sovereign immunity as to the IRS or Gearhart in his official capacity; Reid's *Bivens* claim against Gearhart in his individual capacity is *Heck*-barred; and the APA's waiver of sovereign

8                    Opinion of the Court                    21-12087

immunity did not apply to Reid's claim for injunctive relief. Accordingly, we affirm.

**AFFIRMED.**