[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11961

Non-Argument Calendar

_____

LOUIS WAYNE RATFIELD,

Plaintiff-Appellant,

*versus*

ELLEN L. COHEN,
US Federal Prosecutor,
STEPHANIE A. EVANS,
US Federal Prosecutor,
TRACY L. GOSTYLA,
US Federal Prosecutor,
U.S. ATTORNEY GENERAL,

2                    Opinion of the Court                  22-11961

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80609-DMM

_____

Before JORDAN, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Louis Ratfield, appearing *pro se*, appeals the dismissal with prejudice of his *Bivens*[1] claims alleging violations of his Fourth and Eighth Amendment rights during the prosecution of, and subsequent incarceration for, various federal tax offenses.  He argues that the district court erred in dismissing his claims for frivolity and failure to state a claim for which relief can be granted.  Ratfield additionally argues that the district court erred in finding that the Defendants were entitled to absolute prosecutorial immunity and in finding that his claims were time-barred by the statute of limitations.  Lastly, Ratfield contends that the district court erred in dismissing his claims with prejudice.

--------

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

22-11961               Opinion of the Court                3

We review a district court's dismissal of an *in forma pauperis* complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

A district court may dismiss an *in forma pauperis* action "at any time if" the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A suit brought under 42 U.S.C. § 1983 challenges the constitutionality of the actions of state officials, while a *Bivens* suit challenges the constitutionality of federal officials' actions. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). We have stated that "a *Bivens* action is analogous to § 1983 suits against state and local officers." *Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003). Accordingly, a federal official sued under *Bivens* has the same immunity as a similar state official sued for the identical violation under § 1983. *Abella*, 63 F.3d at 1065.

Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process and acts undertaken when "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This absolute immunity extends to acts done in the prosecutor's role as an advocate for the state. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

A claim based on a *respondeat superior* theory of liability is insufficient to support a claim under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates. Plaintiffs must instead allege that the supervisor, through his own actions, violated the Constitution." *Ingram v. Kubik*, 30 F.4th 1241, 1254 (11th Cir. 2022), *cert. dismissed*, 142 S. Ct. 2855 (2022) (citations omitted). Where a plaintiff brings a § 1983 claim premised on a theory of supervisory liability, the district court may properly dismiss the claim pursuant to § 1915(e)(2)(B)(ii). *Henley v. Payne*, 945 F.3d 1320, 1331-32 (11th Cir. 2019).

Here, the district court did not err in dismissing Ratfield's *Bivens* claims based on absolute prosecutorial immunity. As federal prosecutors, Cohen, Gostyla, and Evans are entitled to absolute immunity for actions undertaken in their roles as advocates for the government. *See Imbler*, 424 U.S. at 430-31; *Buckley*, 509 U.S. at 273. According to the facts alleged in the complaint, Cohen, Evans, and Gostyla prosecuted an alleged IRS violation following an indictment by a grand jury without proper authority from the Secretary of the Treasury. Even assuming those facts are true, Cohen, Evans, and Gostyla are entitled to absolute immunity for these actions as they were acting as advocates for the government. *See Buckley*, 509 U.S. at 273. Ratfield's allegations that Cohen lied during his trial are similarly protected by absolute prosecutorial immunity as an act undertaken in presenting the government's case.

22-11961                Opinion of the Court                5

*See Imbler*, 424 U.S. at 431.  Further, Ratfield's claims against Garland are premised on a theory of *respondeat superior*, which is insufficient to support a claim brought under § 1983 and thus under *Bivens*.  Accordingly, the district court did not err in dismissing Ratfield's complaint.

**AFFIRMED.**