[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10176
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24012-PCH


JOSEPH HARVEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
CLAUDIA ANGEL,
individually and in official capacity as Officer,
United States Postal Service,
JAN SMITH,
individually, and in official capacity, United States
Public Defender's Office,
LEONARDO SPITOLE,
individually, and in official capacity, United States
Public Defender's Office,
THOMAS AUSTIN WATTS-FITZGERALD,
individually, and in official capacity, United States
Attorney's Office, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Joseph Harvey, a pro se prisoner proceeding in forma pauperis, appeals the

dismissal of his Bivens action.[1]  The district court dismissed the action as frivolous

and for failing to state a claim upon which relief could be granted under 28 U.S.C.

§§ 1915(e)(2)(B)(i) and (ii).  On appeal, Harvey argues the district court erred in

relying on Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), to dismiss his

claims for illegal search and seizure under the Fourth Amendment and for abuse of

process.  After careful review, we hold the district court erred in dismissing these

claims.  We therefore reverse.

I.

Harvey, a federal prisoner, brought a Bivens action against several federal

employees on October 26, 2015.  In his complaint, Harvey alleged the following

facts:  Harvey was arrested on October 5, 2011.  On October 22, while Harvey was

in jail, a criminal investigator for the United States Postal Service named Claudia

_____

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91
S. Ct. 1999 (1971).

2

Angel called the Public Storage facility where Harvey had a rental storage unit. She told the facility that Harvey was under federal investigation and had been arrested. She asked the storage facility to prevent anyone from accessing Harvey's unit because of its interest to the government. She also told the storage facility she would provide the documents necessary to support her request within a week. In response, the storage unit employee disabled the gate code and locked Harvey's unit. Angel never provided the promised documents. On the same day Angel called, Harvey's daughter contacted the storage facility with Harvey on the line. Harvey explained that he needed his daughter to retrieve some items from the unit, and requested the lock be cut. The storage facility denied his request.

When Harvey next contacted the storage unit on December 26, 2011, he was informed that the items stored within the unit would be auctioned off due to non-payment of the rental fees. Harvey responded that he would send the facility a check to cover any past due amounts. He then attempted to have two checks sent from his commissary account to the storage facility. They were never processed—despite the fact that other checks Harvey sent to other recipients during this time were successfully transmitted. Neither did the prison notify Harvey that the checks had not issued, although prison policy requires that notice be given to him.

Based on this sequence of events, Harvey claims that Angel and the federal prosecutor on his case, Thomas Watts-Fitzgerald, conspired to prevent his checks

3

from being sent to the storage facility in order to cause his account to default.  He argues they did this because they lacked probable cause to lawfully seize the items in his storage unit.  Thus, they planned to purchase the items at the auction following Harvey's default instead.  On January 17, 2012, the items were auctioned, and came into the possession of the postal inspectors.

Harvey's defense attorneys (two Assistant Federal Public Defenders named Jan Smith and Leonardo Spitale) informed him that the government had prevented his checks from being mailed to the storage facility to satisfy his outstanding balance at the storage facility.  However, when Harvey asked whether they intended to do anything about the government's actions, they responded that they would not file any pre-trial motions, seek discovery to reveal the government's actions, or otherwise litigate the issue.

In his complaint, Harvey also alleged that an employee with the Bureau of Prisons ("BOP") Trust Fund Department and the Unit Counselor at the Federal Detention Center in Miami, Florida both failed to follow BOP procedures for issuing a check from his inmate account fund.  He also alleges that Elaine Soma, a United States Court Reporter, conspired with the government to destroy the grand jury transcripts from his prosecution.  Harvey brought his Bivens action against all of these federal employees, asserting claims of negligence, illegal search and seizure, conspiracy, due process, and abuse of process.  He sought declaratory

4

relief and compensatory, punitive, and treble damages.

Because Harvey brought his action in forma pauperis, the district court could dismiss his case "at any time" pursuant to 28 U.S.C. § 1915(e)(2) if it determined that his action was frivolous or failed to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).  Harvey's case was assigned to a magistrate judge, who recommended that Harvey's complaint be dismissed with prejudice for failing to state a claim.[2]  The magistrate judge reasoned that Heck bars Harvey's civil rights action so long as Harvey's underlying conviction remains valid.  Specifically, the magistrate judge said Heck requires dismissal of any claim that, if successful, "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," unless the conviction has already been invalidated.  The magistrate judge stated that Harvey's Bivens action "challenges the constitutionality of his conviction and resultant confinement," so any ruling in Harvey's favor would necessarily imply the invalidity of Harvey's conviction.  As a result, he recommended that Harvey's complaint be dismissed under Heck.

Harvey filed objections to the magistrate judge's report and recommendation.  He argued that Heck does not bar either his abuse of process claim or his Fourth Amendment illegal search and seizure claim.  Over these

---

[2] Before reaching this conclusion, the magistrate judge took judicial notice of Harvey's unsuccessful postconviction challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255.  See Harvey v. United States, No. 1:14-cv-21939-JLK (S.D. Fla.).

objections, the district court adopted the magistrate judge's report and recommendation as the opinion of the court.

II.

On appeal, Harvey says the district court was wrong to dismiss the entirety of his Bivens action as frivolous and for failing to state a claim because his abuse of process and Fourth Amendment claims are not barred by Heck. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. § 1915(e)(2)(B)(ii) or Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court's sua sponte dismissal for failure to state a claim is reviewed de novo, viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

In Bivens, the Supreme Court held that victims of a constitutional violation by a federal official or someone acting under color of federal law may recover damages against that person despite the absence of any statute conferring such a right of action. 403 U.S. at 397, 91 S. Ct. at 2005. Plaintiffs may pursue both Fourth Amendment and Due Process claims for damages under Bivens. 403 U.S. at 392, 91 S. Ct. at 2002; Davis v. Passman, 442 U.S. 228, 243–44, 99 S. Ct. 2264, 2276 (1979). Important to our analysis here, courts generally apply 42 U.S.C. § 1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.

6

1995).

Under <u>Heck</u>, a § 1983 plaintiff seeking to recover damages for an "allegedly unconstitutional conviction or imprisonment" or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that his conviction or sentence has been invalidated. 512 U.S. at 486–87, 114 S. Ct. at 2372. Thus, a § 1983 damages suit is due to be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff's conviction or sentence has been invalidated. <u>Heck</u>, 512 U.S. at 487, 114 S. Ct. at 2372. But at the same time, if the plaintiff's action would "not demonstrate the invalidity of any outstanding criminal judgment," then it should not be dismissed. <u>Id.</u> (emphasis omitted). "[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not <u>Heck</u>-barred." <u>Dyer v. Lee</u>, 488 F.3d 876, 879–80 (11th Cir. 2007).

In a footnote in <u>Heck</u>, the Supreme Court addressed a suit for damages arising out of an allegedly unreasonable search and noted that this type of suit may proceed even if evidence from the challenged search was introduced in the criminal trial that resulted in the plaintiff's conviction. 512 U.S. at 487 n.7, 114 S. Ct. at 2372 n.7. The Court reasoned that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not <u>necessarily</u> imply that the plaintiff's

conviction was unlawful."  Id. (citations omitted).  In another footnote, the Heck Court recognized that an abuse of process claim under § 1983 also does not necessarily imply that the plaintiff's conviction is invalid.  Id. at 486 n.5, 114 S. Ct. at 2372 n.5.  The Court said the "gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends."  Id.

In keeping with this language from Heck, this court has recognized that Heck does not necessarily bar § 1983 damages actions for Fourth Amendment violations because illegal searches may be followed by valid convictions.  In other words, a successful § 1983 action for search and seizure violations does not necessarily imply that a conviction is invalid.  Hughes, 350 F.3d at 1160.  And we have recognized that in a § 1983 action, the Fourth Amendment can serve as the basis for malicious prosecution claims, which are very similar to abuse of process claims.  Uboh v. Reno, 141 F.3d 1000, 1003 & n.4 (11th Cir. 1998).  To determine whether a Fourth Amendment claim necessarily implies that the plaintiff's conviction was unlawful, the court must "look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." Hughes, 350 F.3d at 1160 n.2.  When the circumstances surrounding a conviction cannot be discerned from the record, it is impossible for a court to determine whether a successful § 1983 damages action for unreasonable search and seizure

would necessarily imply that the conviction is invalid. Id. at 1161. Thus, any determination that such a § 1983 damages action is barred by Heck is error. Id. Finally, this court held in Abella that the Heck rule applies to Bivens actions. 63 F.3d at 1065.

Here, neither the magistrate judge nor the district court made any findings about or provided any reasoning for why Harvey's abuse of process and illegal search and seizure claims would necessarily imply that his underlying conviction was invalid. We therefore cannot determine on this record whether those claims are barred by Heck. Hughes, 350 F.3d at 1167. Indeed, the adjudication of Harvey's postconviction challenge to his conviction and sentence, of which the magistrate judge took judicial notice, seems to weigh in Harvey's favor on this point. One of Harvey's postconviction arguments was that his lawyer was ineffective for failing to suppress the evidence obtained from the storage facility. See Harvey v. United States, No. 1:14-cv-21939-JLK, Doc. 25 at 3 (S.D. Fla. June 17, 2015). The magistrate judge in Harvey's postconviction challenge—who is the same magistrate judge in this Bivens challenge—rejected Harvey's claim, stating "it is hardly likely that the jury's verdicts of guilt turned on the evidence contained in the storage unit. The other evidence of [Harvey's] guilt overwhelmingly supported the jury's guilty verdicts." Id. at 36. Thus, Harvey's abuse of process and illegal search and seizure claims may not imply that his underlying conviction

9

is invalid.  We therefore reverse and remand to the district court for additional consideration of Harvey's abuse of process and unreasonable search and seizure claims.

**REVERSED AND REMANDED.**