[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10348
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24012-PCH

JOSEPH HARVEY,

Plaintiff-Appellant,

ANJA KARIN KANNELL,

Plaintiff,

versus

UNITED STATES OF AMERICA,
CLAUDIA ANGEL,
individually and in official capacity as Officer, United States Postal Service,
JAN SMITH,
individually, and in official capacity, United States Public Defender's Office,
LEONARDO SPITOLE,
individually, and in official capacity, United States Public Defender's Office,
THOMAS WATTS-FITZGERALD,
individually, and in official capacity, United States Attorney's Office, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 29, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Joseph Harvey, a federal prisoner proceeding pro se, appeals for the second time the sua sponte dismissal with prejudice of his Bivens[1] action. The district court previously dismissed his claims sua sponte, ruling that his claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). This Court reversed on appeal. See Harvey v. United States, 681 F. App'x 850, 854 (11th Cir. 2017) (per curiam) (unpublished). On remand, the district court again dismissed Harvey's claims sua sponte. After careful review, we affirm the dismissal of Harvey's conspiracy claim and his claim against Public Storage; reverse the district court's dismissal of his illegal search and seizure claim; and vacate the district court's dismissal of his abuse of process and state law claims.

**I.**

_____

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

2

Harvey was arrested on October 5, 2011 on charges of mail fraud in violation of 18 U.S.C. § 1341; wire fraud in violation of 18 U.S.C. § 1343; access device fraud in violation of 18 U.S.C. § 1029; and aggravated identity theft in violation of 18 U.S.C. § 1028(A).[2]  While Harvey was in jail and awaiting trial, a United States Postal Service criminal investigator, Claudia Angel, called Public Storage on October 22, 2011.  At the time, Harvey was renting a storage unit at Public Storage and, in his complaint, stated he was current on his rental payments. Angel asked Public Storage to lock Harvey's storage unit because Harvey was under federal investigation.  She told Public Storage that she would provide them with documentation, presumably a warrant, within a week supporting her request. But Angel never provided Public Storage with any documentation.  On the same day Angel called Public Storage, Harvey also contacted them through his daughter. He wanted his daughter to access the storage unit to gather some items on his behalf.  Public Storage denied Harvey and his daughter access to the storage unit.

Harvey next contacted Public Storage on December 26, 2011.  It informed Harvey that he had not timely paid his rental fees, and, as a result, the items in his storage unit would be auctioned.  In response, Harvey told Public Storage he would send them a check to cover all past due amounts.  Harvey then requested the jail

---

[2] The facts underlying this appeal are identical those in his first appeal, see Harvey, 681 F. App'x at 851–52, and the parties are well aware of them.  We thus briefly recount them here.

3

send two checks from his commissary account. Although the jail processed other checks Harvey requested during this time, it never processed either check he wanted sent to Public Storage. His account therefore went into default, and Public Storage auctioned the contents of his storage unit on January 17, 2012. Some of the items purchased in the auction were relevant to Harvey's underlying criminal charges and were eventually handed over to government.

On June 8, 2012, a jury found Harvey guilty on his fraud and identify theft charges. Together with his wife, Anja Kannell, who was also convicted of participating in the fraudulent scheme, Harvey filed a direct appeal of his conviction. See United States v. Kannell, 545 F. App'x 881, 883 (11th Cir. 2013) (per curiam) (unpublished). Kannell argued on appeal the district court erred when it "admitt[ed] into evidence items recovered from [the] storage facility because they were obtained without a warrant in violation of the Fourth Amendment." Id. at 885. This Court held that the Fourth Amendment was "wholly inapplicable" because a private person, rather than the government, was responsible for seizing the items. Id. at 886 (quotation marks omitted).

In October 2015, Harvey sued the United States; Claudia Angel; Thomas Watts-Fitzgerald, the federal prosecutor in his case; Jan Smith and Leonardo Spitole, his two public defenders; Elaine Soma, the court reporter from his trial, an unnamed employee at the Bureau of Prisons; and the Unit Counselor at the Federal

Detention Center where he was held awaiting trial. As relevant here, he asserted claims of illegal search and seizure under the Fourth Amendment and abuse of process based on the seizure of the items from the storage unit. Because Harvey brought his claims in forma pauperis, the district court could dismiss his case "at any time" under 28 U.S.C. § 1915(e)(2) if it determined his action was frivolous or failed to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). A magistrate judge issued a report and recommendation sua sponte pursuant to § 1915(e)(2)(B)(ii), concluding that Harvey's claims were precluded by Heck. Over Harvey's objections, the district court adopted the magistrate judge's report and recommendation. This Court reversed the district court's dismissal on appeal, holding that his claims were not barred by Heck. See Harvey, 681 F. App'x at 854.

On remand, Harvey amended his complaint and essentially realleged the same facts against the same defendants. All together in his amended complaint, he asserted claims of: (1) illegal search and seizure under the Fourth Amendment; (2) abuse of process; (3) conspiracy to violate his constitutional rights; (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (5) a variety of state law claims.

The same magistrate judge once again issued another report and recommendation sua sponte under § 1915(e)(2)(B)(ii), concluding all of Harvey's

claims should be dismissed with prejudice.  The magistrate judge determined this time that: (1) Harvey's illegal search and seizure claim was barred by the doctrine of issue preclusion—also referred to as "collateral estoppel" [3]—due to this Court's earlier holding in Kannell;[4] (2) he could not assert an abuse of process claim because his Fourth Amendment claim was barred by Kannell; (3) he could not sue Public Storage for constitutional violations under Bivens because it is a private entity; (4) he failed to state a cognizable § 1983 claim of conspiracy; and (5) the district court could not exercise supplemental jurisdiction over his state law claims because he failed to present a viable federal claim.  Again, over Harvey's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Harvey's Bivens action with prejudice.  Harvey now appeals.[5]

## II.

---

[3]  The district court used the term "collateral estoppel."  The Supreme Court has clarified that the term "issue preclusion" should be used in place of "collateral estoppel" and, for consistency, we do so here.  See Taylor v. Sturgell, 553 U.S. 880, 892 n.5, 128 S. Ct. 2161, 2171 n.5 (2008); see also Grayson v. Warden, 869 F.3d 1204, 1223 n.45 (11th Cir. 2017).

[4] Before reaching this conclusion, the magistrate judge took judicial notice of Kannell.

[5] We do not review the denial of Harvey's motion for reconsideration or amended motion for reconsideration because he did not file a new or amended notice of appeal after filing those motions in the district court.  See Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013).

6

We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[6]  Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  We apply the same rules that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) to claims dismissed under § 1915(e)(2)(B) and view all "allegations in the complaint as true."  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  We construe Harvey's filings liberally because he is a pro se litigant.  Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).

## III.

Harvey argues on appeal that the district court's dismissal of his claims was erroneous.  We begin with the claims the district court properly dismissed—that is, Harvey's § 1983 conspiracy claim and his claims against Public Storage.

For his § 1983 conspiracy claim, Harvey alleges in his complaint that Angel, Watts-Fitzgerald, Smith, Spitole, and Soma "conspired with Public Storage" to deny Harvey access to his storage unit in violation of the Fourth Amendment.  "A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right."  Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir.

---

[6] The district court incorrectly stated Harvey objected only to the magistrate judge's recommendation regarding his Fourth Amendment claim.  Harvey objected to all of the magistrate judge's recommendations.  As a result, we will review de novo the district court's dismissal of all of Harvey's claims raised in his complaint.

2010).  "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show . . . some evidence of agreement between the parties."  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283–84 (11th Cir. 2002) (citations omitted).  Harvey's complaint fails to allege any facts or basis demonstrating an agreement between Angel, Watts-Fitzgerald, Smith, Spitole, and Soma to violate his constitutional rights.  As a result, the district court did not err when it dismissed Harvey's § 1983 conspiracy claim.

Similarly, the district court did not err when it dismissed Harvey's claims against Public Storage.  The Supreme Court has foreclosed Bivens lawsuits against private corporations in this context.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71, 122 S. Ct. 515, 521–22 (2001) (holding that there is no private right of action under Bivens for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law).  As a result, we affirm the district court's dismissal of Harvey's constitutional claims against Public Storage.

We next address the district court's erroneous ruling—the dismissal of Harvey's Fourth Amendment claim under the doctrine of issue preclusion.  Issue preclusion prevents a party from litigating an issue in a later action if that issue was fully litigated in an earlier action.  B & B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. ___, 135 S. Ct. 1293, 1302–03 (2015).  For issue preclusion to apply, (1) the

8

issue in the case must be identical to the one previously litigated; (2) the issue must have been "actually litigated" in the earlier lawsuit; (3) "the determination of the issue in the prior suit was a necessary part of the judgment in that action"; and (4) "the parties are the same or in privity with each other and the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." Baloco v. Drummond Co., 767 F.3d 1229, 1251 (11th Cir. 2014). A party need only identify "one material differentiating fact that would alter the legal inquiry" to overcome issue preclusion. CSX Transp., Inc. v. Bhd. of Maint. of Way Emps., 327 F.3d 1309, 1317 (11th Cir. 2003).

The district court erred when it dismissed Harvey's Fourth Amendment claim under the doctrine of issue preclusion. In Kannell, this Court determined the district court did not err when it admitted into evidence the items recovered from Harvey's storage unit. Kannell, 545 F. App'x at 885. It also determined the government did not violate Kannell's Fourth Amendment rights when it purchased items from a private person. Id. at 886. As the government concedes, Harvey's Fourth Amendment claim is entirely different than the one in Kannell. Harvey argues Angel violated his Fourth Amendment rights when she prevented entry into the storage unit between October 22, 2011 and January 17, 2012. He does not argue, as Kannell did previously, that the government's seizure of the items through the auction violated his Fourth Amendment rights. Because the issue

9

decided by this Court in <u>Kannell</u> and the one raised by Harvey in his complaint are not identical, the district court erred when it adopted the magistrate judge's second supplemental report and dismissed Harvey's complaint on this basis. <u>CSX Transp., Inc.</u>, 327 F.3d at 1317. We therefore reverse the district court's dismissal of this claim.[7]

We also vacate the dismissal of Harvey's abuse of process and state law claims because the district court based the dismissal of these claims on its dismissal of Harvey's Fourth Amendment claim.[8]

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.**

---

[7] The government argues Angel could have denied Harvey access to his storage unit because he was not current on his rental payments. But at this stage of the proceedings we take the allegations in the complaint as true. <u>See</u> <u>Mitchell</u>, 112 F.3d at 1490. In his complaint, Harvey asserted he was current on his rental payments during October and as a result, we do not consider the government's arguments on this issue.

[8] It appears from Harvey's amended complaint that he also raised a RICO claim. The magistrate judge did not address this claim in its second report and recommendation. Neither did the district court address in its order adopting the magistrate judge's recommendation to dismiss Harvey's complaint. The district court should therefore consider this claim on remand.