**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10049
Non-Argument Calendar
_____

MICHAEL TOWNES,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-05742-ELR

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Townes appeals the dismissal of his complaint for declaratory and injunctive relief as frivolous under 28 U.S.C. § 1915(e)(2)(B). We affirm.

## I.

Townes filed a complaint in federal court seeking relief from the "ongoing civil disabilities" arising from his 2018 conviction for transmitting a threat in interstate commerce. *See* 18 U.S.C. § 875(c). He alleged that his conviction was unconstitutional because the government failed to prove that he had a subjective intent to threaten—but he explicitly denied seeking to vacate or expunge the conviction. He explained that he had completed his term of imprisonment and was no longer subject to court supervision, meaning that he was unable to obtain the relief he sought by filing a motion to vacate his sentence under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241. And he explicitly declined to pursue a writ of error coram nobis because he did not believe he could meet the stringent requirements for that extraordinary remedy.

Townes alleged that he suffered ongoing injuries from his conviction, including disqualification from employment and professional licenses requiring background checks, denial of "rental opportunities and housing access" based on his classification as a violent offender, "risk of disenfranchisement and reduced access to civic participation," reputational stigma, and the possibility that his sentence for a future offense could be enhanced based on the past conviction. He also alleged that the conviction had caused or could cause "watchlisting" by the Transportation Security Administration and statutory restrictions on his possession of firearms, and he made indecipherable allegations about federal electronic surveillance and the deployment of federal troops.

Townes sued "federal agencies and officials, including but not limited to" the Department of Justice, the Federal Bureau of Investigation, the Bureau of Prisons, and other "federal actors responsible for the investigation, prosecution, classification, or post-sentence enforcement actions affecting Plaintiff." He stated that he intended to amend his complaint to identify individual federal officers whose acts contributed to the alleged constitutional violations and civil disabilities associated with his federal criminal conviction. He sought the following relief: (1) a declaration that the Department of Justice violated his constitutional rights by prosecuting him under § 875(c) without evidence of his subjective intent to threaten; (2) an injunction prohibiting the FBI from "maintaining, sharing, or using records from the unconstitutional prosecution to flag, stigmatize, or exclude Plaintiff in employment, housing, or background checks"; (3) a declaration that Bureau of Prisons records "tied to the constitutionally defective prosecution" could not be used "to impose collateral consequences in reentry programs, federal hiring, or other screenings"; and (4) an injunction prohibiting the United States Probation Office from relying on the conviction "to impose future restrictions or penalties."

The district court permitted Townes to initiate his lawsuit without paying the filing fees. But it later determined that his complaint was frivolous and dismissed it under 28 U.S.C. § 1915(e)(2)(B)(i). The court concluded that Townes had not established Article III standing because he had not shown that his alleged injuries were traceable to the named agencies and redressable by

the court.  It also concluded that Townes could not cure the deficiencies in his complaint with more careful drafting, so it declined to give him an opportunity to amend it.

## II.

We review a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  We consider jurisdictional issues, including standing and ripeness, de novo.  *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).  We review a district court's denial of leave to amend a complaint for abuse of discretion, though we review the underlying legal conclusion that amendment would be futile de novo.  *Smith v. Florida Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013).  We may affirm a district court's judgment on any ground supported by the record, even if the district court did not consider that ground.  *Seminole Tribe of Florida v. Florida Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).

## III.

The "in forma pauperis" statute permits district courts to allow an indigent litigant to proceed without prepayment of court fees.  28 U.S.C. § 1915(a)(1).  But it also requires the court to dismiss the litigant's case if it determines that the action is frivolous, malicious, or fails to state a claim, among other defects.  *See id.*

§ 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The district court did not abuse its discretion by dismissing Townes's complaint as frivolous. His allegations of harm, causation, and redressability are too vague to establish Article III standing, and his claims are premature under *Heck v. Humphrey*, 512 U.S. 477, 485–87 (1994). And because Townes could not have cured all the defects in his complaint by amendment, the district court did not abuse its discretion by dismissing the complaint without first giving him leave to amend it.

## A.

"To bring suit in federal court, a party must have constitutional standing, which is an essential and unchanging part of the case-or-controversy requirement of Article III." *Berrocal v. Att'y Gen. of United States*, 136 F.4th 1043, 1049 (11th Cir. 2025) (quotation omitted). The party invoking federal jurisdiction bears the burden of establishing standing by showing that he has suffered an injury in fact that is fairly traceable to the defendant and redressable by the court. *Id.* "If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Elend*, 471 F.3d at 1206 (quotation omitted).

To meet the injury requirement, a plaintiff seeking declaratory and injunctive relief must demonstrate a "real and immediate threat of future harm." *Id.* at 1207. "To satisfy the traceability, or causation, requirement of standing, a plaintiff's injury must be

fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Berrocal*, 136 F.4th at 1049 (quotation omitted). And "to show redressability, the plaintiff must simply show a predictable chain of events that would likely result from judicial relief and redress the plaintiff's injury." *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 121 (2025).

The allegations in Townes's complaint are too vague to satisfy these requirements. His complaints about the denial of future opportunities in employment, housing, and firearm possession do not establish an actual, imminent injury because he has not identified any specific job or housing he intends to apply for, or firearm purchase he intends to make, that would likely be denied because of any action or inaction by the defendant agencies. He has not shown that any prospective third-party employer or landlord would request a background check from the FBI or otherwise interact in any way with the defendants. His allegations that he might be harmed at some indefinite future time if the Bureau of Prisons or the U.S. Probation Office relies on his conviction to impose additional restrictions or penalties are similarly speculative, especially since it appears from his complaint that he is neither incarcerated in a federal prison nor on probation for a federal crime. And he has not shown that he is listed on or will soon be added to a TSA "watch list"; he alleges only that he was added to a "no fly" list by mistake several years ago, and that an official offered to remove him from the list when he learned of it.

As to traceability, Townes has not shown how any of the defendant agencies or officials would be responsible for his unspecified future injury. He alleges only that federal prosecutors and investigators contributed in some way to his conviction—which again, he does not challenge. He has not shown what the defendants are doing or are likely to do that would lead to the "civil disabilities" he complains of. And as to redressability, which is the "flip side[] of the same coin" as traceability, he has not explained how a court order directing the defendants not to "rely on" his conviction would prevent any imminent harm. *Id.* at 111.

The district court correctly determined that Townes had not alleged facts establishing Article III standing. His complaint was therefore subject to dismissal for lack of jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## B.

Townes's claims are also premature. In *Heck*, the Supreme Court held that a plaintiff could not sue state officials under 42 U.S.C. § 1983 for unconstitutional actions leading to the plaintiff's criminal conviction if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," unless and until the plaintiff could demonstrate that the conviction or sentence had already been invalidated. 512 U.S. at 486–87. The *Heck* bar also applies to complaints seeking only equitable relief, and to claims against federal officials. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). If a

favorable judgment on the plaintiff's claim would necessarily demonstrate the invalidity of his conviction, the claim does not accrue until the conviction "has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489–90; *see id.* at 487; *Abella*, 63 F.3d at 1065.

Townes argues that his claims are not *Heck*-barred because he does not seek reversal or expungement of his conviction. This argument misses the point. The relief he seeks—a declaration that his conviction was unconstitutional and injunctive relief from the lingering consequences of that conviction—would "necessarily imply" that his conviction was invalid. *Heck*, 512 U.S. at 487. And because his conviction has not yet been invalidated through other legal means, his claims are not yet ripe and must be dismissed. *Abella*, 63 F.3d at 1065.

## C.

Ordinarily, we require district courts to give a pro se plaintiff at least one chance to amend his complaint before dismissing the action with prejudice, at least if he might cure the complaint's deficiencies with more careful drafting. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). A district court may properly deny leave to amend, however, if amendment would be futile because "the complaint as amended would still be properly dismissed." *Id.* at 1133.

Here, the district court did not abuse its discretion by dismissing Townes's lawsuit and denying his motion for reconsideration without giving him the opportunity to amend his complaint.

It is unclear whether Townes could have alleged facts establishing Article III standing if he were given the opportunity to more precisely describe his expected future injuries and how they were traceable to the defendants. But even if he could establish standing in an amended complaint, his action would still be premature because the conviction that is the subject of his suit has not yet been invalidated. *Heck*, 512 U.S. at 486–87, 489; *see Abella*, 63 F.3d at 1065.

## IV.

The district court did not abuse its discretion in dismissing Townes's complaint as frivolous because he failed to allege facts establishing his Article III standing and his claims were not ripe for review under *Heck*. And because any attempt to amend the complaint would not have overcome the *Heck* bar, the court did not abuse its discretion by dismissing the complaint without first giving him the opportunity to amend it. We therefore affirm the dismissal of the complaint.

**AFFIRMED.**