**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 26-10050

Non-Argument Calendar

————————————————

MICHAEL TOWNES,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

UNITED STATES DEPARTMENT OF JUSTICE (DOJ),

FEDERAL BUREAU OF INVESTIGATION (FBI),

DEPARTMENT OF HOMELAND SECURITY (DHS),

TRANSPORTATION SECURITY ADMINISTRATION (TSA), et al.,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court

for the Northern District of Georgia

D.C. Docket No. 1:25-cv-06792-ELR

————————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Townes appeals the dismissal of his complaint against the United States of America and various federal agencies as frivolous under 28 U.S.C. § 1915(e)(2)(B). We affirm.

## I.

Townes filed a complaint for declaratory and injunctive relief against the United States of America, the Department of Justice, the Federal Bureau of Investigation, the Department of Homeland Security, the Transportation Security Administration, and the Federal Bureau of Prisons. Although the factual allegations in his complaint were not clear, he appeared to contend that FBI investigators and federal prosecutors unconstitutionally targeted him for surveillance and prosecution based on his race and poverty, among other factors, and misclassified him as violent and a fugitive from justice. He alleged that this discriminatory targeting led to his arrest, extradition from Georgia to Virginia, and prosecution and conviction for communicating an interstate threat in violation of 18 U.S.C. § 875(c), despite a lack of evidence that he had the subjective intent to threaten necessary to prove his guilt. He also alleged that the district court improperly applied a sentence enhancement for "school disruption" based on "unverified claims that Charlotteville schools entered lockdown" because of his online post. And he contended that the unconstitutional prosecution, conviction, and sentence enhancement resulted in an unwarranted threat classification and collateral consequences that continued after his release from prison, including the denial of his applications for employment and

housing, TSA "watchlisting" and secondary screening, and reputational harm.

Townes affirmatively denied seeking to vacate his federal conviction, and he noted that he had completed his sentence of imprisonment. He sought a declaration that his prosecution, conviction, and sentence enhancement were unconstitutional, and injunctive relief from the ongoing consequences of the conviction and sentence, including his continued threat classification.

The district court permitted Townes to initiate his lawsuit without paying the filing fees based on his affidavit of indigency. But it later determined that his complaint was frivolous because he had failed to establish Article III standing. It therefore dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i). It also concluded that Townes could not cure the deficiencies in his complaint with more careful drafting, so it declined to give him an opportunity to amend it.

On appeal, Townes reiterates that he "does not challenge his conviction, plea, or sentence." Instead, he says, he seeks a declaration "clarifying the legal content of an existing criminal record"—that is, a declaration that his federal criminal conviction was illegally obtained without proof of "the governing constitutional mens rea standard."

## II.

We review a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). We consider jurisdictional

issues, including standing and ripeness, de novo. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). We review a district court's denial of leave to amend a complaint for abuse of discretion, though we review the underlying legal conclusion that amendment would be futile de novo. *Smith v. Florida Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013). We "may affirm the dismissal of a complaint on any ground supported by the record even if that ground was not considered by the district court." *Seminole Tribe of Florida v. Florida Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).

### III.

The "in forma pauperis" statute permits district courts to allow an indigent litigant to proceed without prepayment of court fees. 28 U.S.C. § 1915(a)(1). But it also requires the court to dismiss the litigant's case if it determines that the action is frivolous, malicious, or fails to state a claim, among other defects. *See id.* § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The district court did not abuse its discretion by dismissing Townes's complaint as frivolous. He failed to allege a specific, imminent injury establishing his Article III standing for the prospective relief he seeks, and his claims are premature under *Heck v. Humphrey*, 512 U.S. 477, 485–87 (1994). And because Townes could not have cured all the defects in his complaint by amendment, the

district court did not abuse its discretion by dismissing the complaint without first giving him leave to amend it.

## A.

"To bring suit in federal court, a party must have constitutional standing, which is an essential and unchanging part of the case-or-controversy requirement of Article III." *Berrocal v. Att'y Gen. of United States*, 136 F.4th 1043, 1049 (11th Cir. 2025) (quotation omitted). The party invoking federal jurisdiction bears the burden of establishing standing by showing that he has suffered an injury in fact that is fairly traceable to the defendant and redressable by the court. *Id.* To meet the injury requirement, a plaintiff seeking declaratory and injunctive relief must demonstrate a "real and immediate threat of future harm." *Elend*, 471 F.3d at 1207. "Because of the inquiry's focus on wholly prospective conduct, it follows that past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Id.* (alterations adopted, quotation omitted). "If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Id.* at 1206 (quotation omitted).

In his complaint, Townes alleged that he had suffered past injury based on his conviction for communicating an interstate threat and the resulting threat classification in federal databases, including travel disruption and negative background checks resulting in the denial of three previous employment applications. But he did not clearly allege any "real and immediate threat of *future*

harm"—he did not allege any immediate plans to apply for housing or employment that would likely be denied because of any action or inaction by the defendant agencies, or any plans for travel that would likely be disrupted because of TSA classification traceable to the defendant's allegedly illegal conduct. *Id.* at 1207 (emphasis added).

Because Townes's complaint sought only prospective relief and failed to allege an imminent future harm, the district court correctly determined that he had not established Article III standing. *See id.* His complaint was therefore subject to dismissal for lack of jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

**B.**

Townes's claims were also premature. In *Heck*, the Supreme Court held that a plaintiff could not sue state officials under 42 U.S.C. § 1983 for unconstitutional actions leading to the plaintiff's criminal conviction if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," unless and until the plaintiff could demonstrate that the conviction or sentence had already been invalidated. 512 U.S. at 486–87. The *Heck* bar also applies to complaints seeking only equitable relief, and to claims against federal officials. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). If a favorable judgment on the plaintiff's claim would necessarily demonstrate the invalidity of his conviction, the claim does not ac-

crue until the conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489–90; *see id.* at 487; *Abella*, 63 F.3d at 1065.

The relief Townes seeks—a declaration that his conviction was unconstitutional and injunctive relief from the lingering consequences of that conviction—would "necessarily imply" that his conviction was invalid. *Heck*, 512 U.S. at 487. And because his conviction has not yet been invalidated through other legal means, his claims are not yet ripe and must be dismissed. *Abella*, 63 F.3d at 1065.

## C.

Ordinarily, we require district courts to give a pro se plaintiff at least one chance to amend his complaint before dismissing the action with prejudice, at least if he might cure the complaint's deficiencies with more careful drafting. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). A district court may properly deny leave to amend, however, if amendment would be futile because "the complaint as amended would still be properly dismissed." *Id.* at 1133.

Here, the district court did not abuse its discretion by dismissing Townes's lawsuit and denying his motion for reconsideration without giving him the opportunity to amend his complaint. It is unclear whether Townes could have alleged facts establishing Article III standing if he were given the opportunity to amend his complaint to allege specific impending future harm traceable to the defendants' alleged conduct and redressable by the court. But even

if he could establish standing in an amended complaint, his action would still be premature because the conviction that is the subject of his suit has not yet been invalidated. *Heck*, 512 U.S. at 486–87, 489; *see Abella*, 63 F.3d at 1065.

## IV.

The district court did not abuse its discretion in dismissing Townes's complaint as frivolous because he failed to clearly allege facts establishing his Article III standing for the prospective relief he sought, and his claims were not ripe for review under *Heck*. And because any attempt to amend the complaint to establish standing would not have overcome the *Heck* bar, the court did not abuse its discretion by dismissing the complaint without first giving him the opportunity to amend it. We therefore affirm the dismissal of the complaint.

**AFFIRMED.**